## THE CITY OF CHICAGO

### *v.*

## THE CHICAGO CITY RAILWAY COMPANY *et al.*

*Opinion filed October 23, 1906.*

1. EQUITY—*equity cannot interfere with criminal prosecution.* A court of equity has no jurisdiction to interfere with prosecutions for criminal offenses, and it makes no difference whether the prosecution is under a statute which applies to the State at large or under an ordinance which is in force only in a particular municipality.

2. SAME—*courts of equity deal only with civil and property rights.* Courts of equity deal only with property and civil rights, and their powers do not extend to determining what laws or ordinances are valid or invalid unless such determination is incidental to the protection of rights recognized by courts of equity alone.

3. SAME—*what does not justify interference with prosecutions.* A city has power to prohibit and punish various offenses in the nature of misdemeanors not involving civil or property rights, and prosecutions for such offenses cannot be interfered with by a court of equity upon the ground of the number of persons charged with the offense or upon any other ground.

4. SAME—*when fact that ordinance is void affords no ground for interference of equity.* The fact that an ordinance not involving civil or property rights is void or that a party seeking an injunction has not violated its provisions affords no ground for interference by a court of equity.

5. SAME—*when rights are involved which may authorize interference of equity.* An ordinance regulating the heating and ventilating of street cars and providing against overcrowding is within the police power of the city and also within its power to license and regulate the occupation of common carriers, but the ordinance is one which directly affects the business of street railway companies and involves rights which may authorize the interference of a court of equity even though the mere invalidity of the ordinance would not authorize such interference.

6. SAME—*when equity may interfere with prosecution.* If the court where a prosecution for violation of an ordinance has been commenced cannot adequately protect the rights of the defendant and the controversy includes some equitable feature which can only be determined by a court of equitable jurisdiction, a court of equity may interfere and decide the controversy.

7. SAME—*equity cannot stay enforcement of an ordinance upon legal grounds.* A court of equity will not stay the enforcement of an ordinance upon legal grounds, but the defendant must have some equitable right which can only be recognized by that court.

8. SAME—*equity cannot interfere upon a ground equally available in a court of law.* Litigation commenced in a court of law of competent jurisdiction should be allowed to proceed to a final conclusion in that court, and it would be obvious error for a court of equity to take jurisdiction to determine the suit upon a ground equally available in the court of law; and this is particularly true in case of prosecutions for the violation of ordinances.

9. SAME—*when equity will not stay enforcement of ordinance.* An ordinance designed to promote the public comfort, safety and health by preventing the overcrowding of street cars is within the power of a city, and its enforcement will not be stayed by enjoining the prosecution of suits for violation of the ordinance unless such course is clearly necessary to the protection of some right of complainant recognized only by a court of equitable jurisdiction.

10. SAME—*what does not amount to irreparable injury.* A court of equity cannot take jurisdiction to declare an ordinance void upon the ground that a large number of suits for violation of the ordinance have been begun, since many penalties for many violations of the ordinance do not amount to irreparable injury, and an offender cannot, by repeating his offense, confer jurisdiction upon a court of equity which does not otherwise exist.

11. SAME—*bill of peace cannot be entertained. if complainant's right is uncertain.* A bill to enjoin the prosecution of suits for penalties for violation of an ordinance cannot be sustained as a bill of peace unless the rights of the complainant have been finally determined in at least one of the actions at law.

12. SAME—*when bill cannot be maintained to prevent multiplicity of suits.* A bill by two street railway companies to enjoin the enforcement of an ordinance regulating the overcrowding of street cars cannot be maintained upon the ground of preventing a multiplicity of suits, where the two complainants, operating in different parts of the city, furnish practically all of the street car service of the city, and where, so far as appears from the bill, the only dispute is between these two complainants and the city. ·

222—36

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

J. G. GROSSBERG, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant:

Equity has no jurisdiction to enjoin the prosecution of suits of a criminal nature or for violations of a penal ordinance. High on Injunctions, (2d ed.) secs. 68, 90, 1244, 20; *Yates* v. *Batavia,* 79 Ill. 500; *Stock Exchange* v. *Mc-Claughry,* 148 id. 380; *Poyer* v. *DesPlaines,* 123 id. 111; *Moses* v. *Mayor,* 52 Ala. 209; *Skakel* v. *Roche,* 27 Ill. App. 423; *Railroad Co.* v. *Ottawa,* 148 Ill. 397.

Equity jurisdiction to enjoin enforcement of ordinances for the prevention of a multiplicity of suits was sustained in the following cases, among others: *Chicago* v. *Collins,* 175 Ill. 445; *Wilkie* v. *Chicago,* 188 id. 444; *Spiegler* v. *Chicago,* 216 id. 114; *Chicago* v. *Banker,* 112 Ill. App. 94.

But these were all cases of ordinances which, though having a penalty clause, were revenue ordinances imposing license fees, and as such not essentially penal ordinances or ordinances of a criminal nature or in exercise of the police power. *Express Co.* v. *Mayor,* 116 Fed. Rep. 756; *Royal* v. *Virginia,* 116 U. S. 583.

The bill is, in substance, a suit between the complainants and this defendant only, and not on behalf of any one else, and hence is not within the rule which gives equity jurisdiction for the prevention of a multiplicity of suits. High on Injunctions, (2d ed.) sec. 61; *Lloyd* v. *Coal Co.* 210 Ill. 462; *Poyer* v. *DesPlaines,* 123 id. 111; *Railroad Co.* v. *Ottawa,* 148 id. 401; *Eldridge* v. *Hull,* 2 Johns. Ch. 281.

If the bill is intended as a bill of peace as between complainants alone and defendant, it does not show that the rights of the parties had been adjudicated at law, which is a prerequisite to maintaining a bill of that nature and is a misjoinder of parties complainant. High on Injunctions, (2d ed.) secs. 8, 61, 1244, note; *Lloyd* v. *Coal Co.* 210 Ill.

463; *Insurance Co.* v. *Gunning,* 81 id. 236; *Pratt* v. *Kendig,* 128 id. 293; *Stock Exchange* v. *McClaughry,* 148 id. 380; Story's Eq. Jur. (9th ed.) secs. 859, 860, 854, note, 857, note; Pomeroy's Eq. Jur. secs. 253, 264.

Complainants have a full remedy at law. High on Injunctions, (2d ed.) sec. 90; *Yates* v. *Batavia,* 79 Ill. 500; *Hale* v. *Allinson,* 188 U. S. 56.

In the absence of contract rights the city has the power to prohibit as well as to regulate the operation of car lines, and hence no conditions or restrictions imposed by the city can be complained of as unreasonable. *Railway Co.* v. *Lake View,* 105 Ill. 183; *Schwuchow* v. *Chicago,* 68 id. 444; *Kettering* v. *Jacksonville,* 50 id. 41; *Launder* v. *Chicago,* 111 id. 291.

An ordinance under the police power affecting the health, morals, safety and comfort of the public rises superior to so-called contract rights, as the police power cannot be bargained away either by contract, franchise or legislative grant, and was not surrendered either by the State or Federal constitution. McQuillin on Mun. Ordinances, secs. 271, 429; *Patterson* v. *Kentucky,* 97 U. S. 501; *Railroad Co.* v. *People,* 143 Ill. 453; *Wise* v. *Railroad Co.* 193 id. 351; *Railway Co.* v. *Harvey,* 178 id. 477; *Munn* v. *Illinois,* 94 U. S. 113; *Pearsall* v. *Railway Co.* 161 id. 666; Nellis on Street Railways, 34, 35; *Butchers' Ben. Ass.* v. *Aurora City S. H. Co.* 83 U. S. 36; *Jacobson* v. *Massachusetts,* 197 id. 11.

No unnecessary multiplicity of suits is shown, but, on the contrary, from the variety of defenses set up by appellees to prosecutions under the ordinance it is apparent that a large number of prosecutions will be necessary to adjudicate at law the different questions raised, and cannot well be adjudicated by a single proceeding in equity. *Crawford-Adsit Co.* v. *Fordyce,* 100 Ill. App. 362; *Hale* v. *Allinson,* 188 U. S. 56.

Equity should not interfere with the enforcement of an ordinance important, from the standpoint of public policy,

for the preservation of public health, comfort and safety. *Stock Exchange* v. *McClaughry*, 148 Ill. 380.

Irreparable injury must be specifically set out,—not left to inference, argument or conjecture. High on Injunctions, (2d ed.) secs. 22, 34; *Dolton* v. *Dolton*, 201 Ill. 163; *Lumber Co.* v. *Cicero*, 176 id. 9.

The allegations of the bill are largely to the effect that the complainants had not willfully violated the ordinance or that they had no criminal intent in violating the same, and not that the ordinance is void and unreasonable. A court of equity cannot inquire into the question whether or not, in fact, an ordinance has been violated. *Poyer* v. *DesPlaines*, 123 Ill. 111; *Spiegler* v. *Chicago*, 216 id. 125; *Chicago* v. *Collins*, 175 id. 445.

If others than the complainants are involved in the subject matter of the bill, they are shown by the bill itself to be so few in number as not to give equity jurisdiction on the ground of multiplicity of suits. *Chicago* v. *Collins*, 175 Ill. 453; *Yates* v. *Batavia*, 79 id. 500.

JOHN P. WILSON, E. R. BLISS, JOHN J. HERRICK, W. W. GURLEY, and JOHN S. MILLER, for appellees:

Equity has jurisdiction of a bill brought by one or more complainants on behalf of themselves and all others similarly situated,—a class suit,—which alleges the invalidity of an ordinance and seeks to enjoin its enforcement on the ground that it will prevent a multiplicity of suits. *Chicago* v. *Collins*, 175 Ill. 445; *Wilkie* v. *Chicago*, 188 id. 444; *Spiegler* v. *Chicago*, 216 id. 114; *Chicago* v. *Banker*, 112 Ill. App. 94; *Telephone Co.* v. *Manufacturers' Ass.* 106 id. 54; *Kappes* v. *Chicago*, 119 id. 436.

Where rights of action by or against a number of persons involve the determination of the same question, a court of equity has jurisdiction of a bill brought by or against the parties interested in the common question to obtain an adjudication of the question and settle the rights of the parties

in the one suit, on the ground that it will prevent a multiplicity of suits. *Insurance Co.* v. *VanCleave,* 191 Ill. 410; *Insurance Co.* v. *Yates,* 214 id. 272; *Telephone Co.* v. *Manufacturers' Ass.* 106 Ill. App. 54.

The ordinance not only imposes the particular penalties for violation of the provision in question, but it makes it "unlawful" for the complainant to operate any of its street cars if it shall not furnish a sufficient number of cars, etc., as required. The effect of this provision, if enforced, will be to make any action of the companies affected by it in operating their street cars wholly "unlawful" in case of a violation of the provision requiring them to furnish a sufficient number of cars. *Douthart* v. *Congdon,* 197 Ill. 349.

The enforcement of an ordinance which interferes with the exercise of a franchise will be enjoined on the ground of irreparable injury. *Port of Mobile* v. *Railroad Co.* 84 Ala. 115; *Express Co.* v. *Mayor,* 116 Fed. Rep. 756; *Smyth* v. *Ames,* 169 U. S. 466; *Detroit* v. *Railway Co.* 184 id. 368; *Trust Co.* v. *Railway Co.* 80 Fed. Rep. 218; *Rushville* v. *Gas Co.* 132 Ind. 575.

The right of a street railway company is a property right in the nature of an easement. *Chicago* v. *Baer,* 41 Ill. 306; *Parmelee* v. *Chicago,* 60 id. 298; *Railway Co.* v. *Chicago,* 90 id. 573.

The contention that the ordinance is a penal ordinance, and that therefore a court of equity has no jurisdiction to enjoin its enforcement, cannot be sustained. The very cases cited by counsel recognize two classes of cases in which equity will enjoin the enforcement of a penal ordinance: To prevent a multiplicity of suits; and to prevent irreparable injury. *Poyer* v. *DesPlaines,* 123 Ill. 117; *Stock Exchange* v. *McClaughry,* 148 id. 380.

In the following subsequent cases this court expressly sustained the jurisdiction of equity to enjoin the enforcement of a penal ordinance on a bill filed on behalf of complainants and others similarly situated, on the ground that

it would prevent a multiplicity of suits: *Chicago* v. *Collins,* 175 Ill. 445; *Wilkie* v. *Chicago,* 188 id. 444; *Spiegler* v. *Chicago,* 216 id. 114.

Where there is one common question between different complainants and a single defendant, several complainants may file a bill in equity to obtain the adjudication of the question and settle the rights of the parties. *Insurance Co.* v. *VanCleave,* 191 Ill. 410; *Telephone Co.* v. *Manufacturers' Ass.* 106 Ill. App. 54; *Insurance Co.* v. *Yates,* 214 Ill. 272.

There is no inflexible rule as to cases in which a bill can be maintained to avoid a multiplicity of suits, but the jurisdiction rests largely in the discretion of the court, and considerations of convenience to the court, the avoidance of a multiplicity of suits and of unreasonable hardship to the parties joined are to be taken into account. *Insurance Co.* v. *Yates,* 214 Ill. 272.

Even where there is only one complainant and one defendant, the facts may be such that the court will entertain a bill in equity to prevent multiplicity of suits. *Railroad Co.* v. *Mayor,* 54 N. Y. 159; *Poyer* v. *DesPlaines,* 123 Ill. 119.

Mr. Justice Cartwright delivered the opinion of the court:

On October 23, 1905, the city council of the city of Chicago, appellant, passed an ordinance amending sections 1958 and 1959 of the revised municipal code of the city so as to read as follows:

"1958. (*Comfort and Safety of Passengers.*) It shall be unlawful for any person or corporation owning, leasing or operating any street railway cars, or other vehicle for the transportation of passengers for hire, within the city of Chicago, to permit any car or other such vehicle to be in use or to be operated on any of the public streets or ways of said city unless the average temperature within such car be maintained at not lower than fifty degrees Fahrenheit; nor unless

said car shall be reasonably clean, disinfected, and so ventilated as to be as free as practicable from foul or vitiated air; nor unless said car contains a standard Fahrenheit thermometer, in good order, securely fastened to the wall of the car, near the center thereof, on the opposite side from the stove or heater, if there be one, and so placed as to give the average temperature of said car and be conveniently visible for examination by the passengers thereon; nor unless there be maintained in said car, in a position conveniently accessible to passengers, a copy of this section so posted that it may be conveniently read by occupants of the cars, together with a statement that passengers are invited to report violations of this section to the commissioner of public works at the city hall; nor unless the track upon which such car is operated, and the car itself, are in such condition as to insure and provide the reasonably safe, convenient and comfortable transportation of its passengers, without unnecessary noise or jolting and without danger to their safety and comfort by reason thereof; nor unless there shall be furnished a sufficient number of cars, on each separate line, to carry passengers comfortably and without overcrowding, and which cars shall be run upon a proper and reasonable time schedule, a copy of which shall, upon request, be furnished to the commissioner of public works; nor unless each car, on each separate line, except in case of a blockade or other unavoidable interruption of traffic, when it once starts on its trip, shall be run to such terminus of said line as is designated on said car without switching back before reaching said terminus, if there are any passengers on said car who desire to be carried to such terminus." (Here follow provisions excepting grip-cars from the provision as to temperature, and other things not material in this case.)

"1959. (*Penalty.*) Any person, firm, company or corporation who shall be guilty of violating any of the provisions of the preceding section shall be fined not less than $25 nor more than $100 for each car operated in violation

of this law, and each day of the operation of such car shall be considered a separate offense."

The Chicago City Railway Company and the receivers of the Chicago Union Traction Company, appellees, filed their bill in this case in the circuit court of Cook county praying the court to enjoin appellant from enforcing said ordinance so far as it is designed to compel them to furnish a sufficient number of cars to carry passengers comfortably and without overcrowding, from prosecuting suits against them to enforce the payment of any penalty for any alleged violation of the provision in question, and from bringing any further suits or taking any steps or proceeding whatsoever thereunder. The amended bill alleges that the provision requiring the appellees to furnish a sufficient number of cars to carry passengers comfortably and without overcrowding is void on three grounds, which are stated by their counsel in their brief and argument, as follows:

"(1) That it is in violation of paragraph 96 of article 5 of the Cities and Villages act, which provides that 'no fine or penalty shall exceed $200 for a single offense,' and also section 11 of article 11 of the constitution, which provides that 'penalties shall be proportioned to the nature of the offense.'

"(2) That it is uncertain, in that it does not sufficiently define the offense for which its multiplied penalties are imposed, and is for that reason void.

"(3) That it is unreasonable, and therefore void."

The circuit court overruled appellant's demurrer to the bill, as amended, and appellant having elected to stand by the demurrer, the court entered a final decree finding that said provision of the ordinance is void and enjoining appellant from enforcing or attempting to enforce the same, and from further prosecuting suits brought against the appellees.

The material facts alleged in the amended bill and admitted by the demurrer are, that before and at the time of

the passage of the ordinance the Chicago City Railway Company, one of the complainants, maintained and operated 220 miles of street railway on the streets in the south division of the city of Chicago; that the receivers of the Chicago Union Traction Company, the other complainant, maintained and operated 303.93 miles of street railway on the streets in the north and west divisions of the city, with terminal connections in the south division; that the business center of the city is in the south division, in what is known as the "down-town loop;" that complainants are the only surface street railways serving the city of Chicago, except twelve other lines of surface street railway operating in outlying districts and not owning down-town terminals; that complainants furnish transportation for more than 2,000,000 people and for almost all the population of the city; that it is and has been the custom to permit passengers to stand in the aisles and on the platforms, and all street cars are provided with straps and other devices to accommodate standing passengers; that complainants have made efforts to procure additional cars, but they can only be obtained by placing orders with street car builders and manufacturers from three to four months before the order can be filled; that during the rush hours of the day it is impossible to prevent congestion of travel in the business center; that congestion and disturbances are caused by various conditions set out in the bill, and that the ordinance is unreasonable, and therefore void as applied to complainants, because it is impossible for them to comply with it. The bill alleges that sixty suits have been brought against the Chicago City Railway Company by the defendant before a justice of the peace; that one hundred like suits have been brought against the receivers; that a suit in debt has been brought against each complainant in the circuit court, and in each suit the declaration contains twenty-five counts for violations of the ordinance, and that the city intends to bring numerous other suits for like violations.

The efforts of counsel for appellees, in their brief and argument, are directed to giving such an interpretation to the ordinance as to render it void. They contend that it imposes a penalty of not less than $25 nor more than $100 daily for each one of the thousands of cars operated by them, respectively, in case one car is overcrowded, and therefore the penalty exceeds $200 for one offense and is not proportioned to the nature of the offense; that there is such uncertainty in the meaning of the words "comfortably" and "overcrowding" that the ordinance is void on that account, and that under the facts alleged in the bill the provision in question is unreasonable, and therefore void. The ground upon which they say that a court of equity ought to intervene and prevent enforcement of the ordinance is, that these two complainants are members of a class and that a multiplicity of suits will thereby be prevented. Counsel for appellant deny that the provision of the ordinance in question is void for any of the reasons assigned. They contend that the provision is a valid exercise of the police power; that it was enacted in the interest of the public health, safety and welfare; that the prosecutions under it are of a criminal or *quasi* criminal nature, and that equity has no jurisdiction to enjoin the prosecution of suits of that nature.

It is settled beyond controversy that a court of equity has no jurisdiction to interfere with prosecutions for criminal offenses, and it makes no difference whether the prosecution is under a statute which applies to the State at large or under an ordinance which is in force only in a particular municipality. Courts of equity deal only with civil and property rights, and their powers do not extend to determining what laws or ordinances are valid or invalid unless such determination is incidental to the protection of rights recognized by courts of equity alone. (High on Injunctions, sec. 68, p. 1244.) In the case of *Stuart* v. *LaSalle County,* 83 Ill. 341, the court said that from the nature and organization of a court of equity it has no jurisdiction to stay or

prevent the execution of a judgment in a criminal case; and in *Cope* v. *District Fair Association of Flora,* 99 Ill. 489, where a bill was filed against an incorporated fair association to restrain it from permitting gambling on its grounds, the court said that it is no part of the mission of equity to administer the criminal law of the State, except so far as it may be incidental to the enforcement of property rights, and perhaps other matters of equitable cognizance. The same doctrine was applied in the case of an ordinance in *Yates* v. *Village of Batavia,* 79 Ill. 500, where suits had been commenced against each of the complainants for violating the provisions of an ordinance to provide against the evils resulting from the sale or giving away of intoxicating liquors, and a bill was filed to prevent the further prosecution of the suits and settle the legality of the ordinance. It was held that a court of equity has no jurisdiction of the subject matter of such litigation, and that it is not in the power of parties to waive the questions relating to the jurisdiction. In *Chicago Public Stock Exchange* v. *McClaughry,* 148 Ill. 372, a bill was filed to enjoin a repetition of actual trespasses under an ordinance prohibiting gambling, and it was said that, as a general rule, equity will not enjoin the exercise of police power given by law to the officers of a municipal corporation, nor interfere with the public duties of any of the departments of government nor restrain proceedings in a criminal matter. That case also involved property rights and injury to business, and it was held that relief was properly denied on the further ground that there was an adequate remedy at law.

Power is given to cities and villages to prevent, suppress, prohibit and punish various offenses against the public in the nature of misdemeanors not directly involving civil or property rights, and a court of equity has no jurisdiction to interfere with prosecutions for such offenses on account of the number of persons charged or upon any other ground, and in any case, the fact that an ordinance is void or that

a party seeking an injunction has not violated its provisions affords no ground for interference. (11 Am. & Eng. Ency. of Law,—2d ed.—198; 16 id. 371.)

Cities and villages also exercise powers relating to local affairs, such as licensing and regulating certain occupations, and the ordinance in this case is within the power conferred upon the defendant by clause 42 of section 1, article 5, of the Cities and Villages act, giving cities power to regulate the occupation of complainants. (*Chicago Union Traction Co.* v. *City of Chicago,* 199 Ill. 484.) The provision is also within the police power, but it is of a nature to directly affect the business of the complainants. In such a case rights are involved which may authorize interference by a court of equity, although the mere invalidity of the ordinance affords no ground for such interference. If the court where a prosecution has been commenced cannot adequately protect the rights of the defendant, and the controversy includes some equitable feature which can only be fully and finally determined by a court having equitable jurisdiction, such a court may interfere and decide the controversy. A court of equity will not stay the enforcement of an ordinance upon any legal grounds, but the defendant must have some equitable right which can only be recognized by that court. Litigation commenced in a court of competent jurisdiction should be allowed to proceed to a final conclusion in that court, and for a court of equity to take jurisdiction to decide a suit upon a ground equally available in a court of law would be obvious error. That is especially true of cases like this, as was pointed out in *Poyer* v. *Village of Des-Plaines,* 123 Ill. 111. The court there said that nothing could be more detrimental to society and provocative of violations of law than for courts of equity to interfere by injunction and thereby protect repeated acts in violation of ordinances; that while the injunction continued, the functions of municipal government would be suspended and irreparable injury might thereby ensue. One forcible rea-

son pointed out for non-interference was, that if it should at last be determined that the ordinance was valid, the court of equity would be powerless to enforce its provisions or enforce the penalties denounced against its violation, but must remit the case to the court of law. All that the court could do would be to prevent, for a time, the exercise of the functions of government.

The ordinance in this case is within the powers conferred upon the defendant, and it has for its object the laudable purpose of protecting the traveling public against discomfort, annoyance and danger. It is designed to promote the public comfort, safety and health by preventing the overcrowding of cars, and it should be sustained if it is legally possible to do so. To grant an injunction and prevent the prosecution of offenses against the ordinance during the progress of a chancery cause would be to render the municipal authorities helpless in the discharge of their public duties and suspend their legitimate functions, contrary to public policy and public interest. At the end of such a suit the court would have no right to determine whether the complainants have been guilty of any infractions of the ordinance or to impose any penalty upon them. If the city should be found to be in the right and the ordinance valid, all that the court could do would be to dismiss the bill and send the parties back to a court of law. In such a case a court of equity would not be warranted in interfering unless it is clearly necessary to the protection of some right recognized only by courts of equitable jurisdiction. The provision of the ordinance involved in the case of *Poyer* v. *Village of DesPlaines, supra,* declaring public picnics and open air dancing to be nuisances, was void and was so held by the court of law, (*Village of DesPlaines* v. *Poyer,* 123 Ill. 348,) but it was held that equity would not interfere to restrain prosecutions under it. The reasons set up for asking a court of equity to interfere was, that seven suits had been begun for violations of the ordinance, and that the ordinance was

void, but those facts were not regarded as any justification for an appeal to equity. The court quoted from the decision in *West* v. *Mayor,* 10 Paige, 539, to the effect that the question of the validity of an ordinance does not properly belong to a court of equity where the complainants have a perfect defense at law if the ordinace is invalid, and that it would be a usurpation of power for such a court to draw to itself the settlement of such questions when their decision is not necessary in the discharge of the legitimate duties of the court. It must appear not only that the acts complained of are unauthorized and injurious, but that they are of such a character that proceedings at law will not afford adequate and full relief. *Gartside* v. *City of East St. Louis,* 43 Ill. 47.

In the bill in this case no facts are stated which would constitute an irreparable injury to complainants. Many suits have been instituted, but the imposition of many penalties for many violations of an ordinance does not amount to irreparable injury. An offender cannot, by multiplying his offense, invoke the aid of a court of equity. (*Moses* v. *Mayor of Mobile,* 52 Ala. 198.) If a court could take jurisdiction of a bill to declare an ordinance void because of the numerous prosecutions under it, a complainant would be able to confer jurisdiction by repeating his offense, and of course that could not be so. The fact that a great many suits had been brought against a single party was regarded as a sufficient cause for enjoining the prosecution of all the suits but one, in the case of *Third Avenue Railroad Co.* v. *Mayor of New York,* 54 N. Y. 159. The city had brought seventy-seven suits in a justice's court to recover penalties for violating city ordinances concerning the running of cars without a license. The railroad company brought its suit to secure an injunction against all of the suits except one, and offered to abide the final decision of that one. The relief was granted upon the ground that a justice's court had no power to consolidate the actions. But this court held a different doctrine in the case of *Chicago, Burlington and*

*Quincy Railroad Co.* v. *City of Ottawa*, 148 Ill. 397. In that case there were prosecutions before a justice of the peace for violations of an ordinance and appeals were taken from judgments rendered. Ten other suits were begun, returnable on successive days, Sundays excepted, and the prayer of the bill was that the defendant be restrained from prosecuting under the ordinance, and for a temporary writ restraining the city from prosecuting any other suits except the two then pending on appeal in the circuit court. The court held that every question arising in the suits could be settled and determined on the trial of a case in the circuit court, which was entirely competent to decide whether the ordinance was valid or not, and that the circuit court was right in refusing to enjoin the prosecution of any of the suits. In this case all the questions can be finally settled in an action of debt in the circuit court or upon appeal from a justice's judgment. Even if the controversy would not be finally settled in one suit against each complainant, this bill could not be maintained on the ground that it is a bill of peace, to put an end to unnecessary and vexatious litigation. In such a case the rights of the parties must be finally adjudicated in a court of law. In cases where one judgment is not conclusive in a subsequent suit, equity will sometimes interfere to prevent litigation which has become useless and unavailing, but the question must first be determined in at least one action at law. The court will never entertain a bill of peace so long as the right of the complainant is uncertain.

There are cases in which a court of equity will interfere to enjoin the enforcement of an ordinance for the reason that a multiplicity of suits will be prevented thereby, and it is argued that this is such a case. The bill is filed by two complainants, who say that they also ask relief for all others similarly situated. The facts stated, however, do not show that any other persons or corporations are similarly situated. It appears from the bill that the complainants serve practically the whole city of Chicago; that the population served

by them is upwards of 2,000,000, and that with the exception of twelve other lines operating in outlying districts and not owning down-town terminals, they are the only persons or corporations furnishing street railway transportation. It does not appear that the few other persons or corporations operating in outlying and sparsely settled districts do not furnish a sufficient number of cars, or that there is any necessity in such districts for overcrowding, or that overcrowding cars is permitted, or that any prosecution has been begun or threatened against any other person or corporation, or that any other person or corporation has suffered or will suffer any hardship or makes any complaint whatever of the ordinance or its provisions. The case is not at all like one where a license is required for carrying on an occupation or business, where the inference is that those engaged in the occupation or business will be required to procure the license and pay the fee therefor. The bill sets up conditions respecting these complainants and their business which could have no application to any other party, and it is clear that the controversy is between the two complainants and the defendant. There is nothing in the bill to justify the assertion that they represent a class, and the bill shows that the supposed class is not numerous.

Under the rule that equity will sometimes intervene to prevent a multiplicity of suits, it was held in *City of Chicago v. Collins,* 175 Ill. 445, that 373 complainants, suing in behalf of themselves and between 200,000 and 300,000 others similarly situated, could maintain a bill to enjoin the enforcement of an ordinance requiring an annual license fee. That was a case where a license was required and a fee exacted from the complainants and all others who made use of means of travel in the city of Chicago. They were all similarly situated. The case of *Wilkie v. City of Chicago,* 188 Ill. 444, was a similar one. In that case 78 complainants filed a bill in behalf of themselves and 900 or more others from whom the city of Chicago exacted a license fee for pursuing their

occupation.   Another case where it was held that a court of equity might properly interfere was *Spiegler* v. *City of Chicago*, 216 Ill. 114, where complainants, on behalf of themselves and 3000 or 4000 other persons engaged in the same business as themselves, joined in a bill to prevent the enforcement of an ordinance licensing and regulating that business. In all of those cases there was actual application of the ordinance to numerous persons, all of whom were in like situations.   In the case of *German Alliance Ins. Co.* v. *VanCleave*, 191 Ill. 410, 42 corporations, who were complainants, filed a bill to enjoin the defendant from paying over to the State Treasurer moneys collected from them as a tax.   It would have required at least forty-two suits to accomplish the purpose of the bill and the facts and law in each case would have been exactly the same.   It was held that the case was a proper one for the exercise of equitable powers.   In the case of *North American Ins. Co.* v. *Yates*, 214 Ill. 272, a bill was filed by the insurance superintendent against twenty companies and thirty-three individuals to enjoin them from transacting the business of fire insurance without complying with the law.   It was held that in such a case equity might interfere.   Plainly, there is no similarity between those cases and this case in which two complainants, operating in different parts of the city and furnishing practically all the street railway service for the city of Chicago, claim the right to maintain a suit in equity to settle the question of the validity of this ordinance for the reason that there are other persons and corporations operating lines of street railway in outlying districts, where perhaps the difficulty is not so much to prevent overcrowding cars as to fill them with passengers.   So far as appears from the bill, the only real dispute is between the two complainants and the defendant, and the rights and interests of numerous parties are not involved.

The decree of the circuit court is reversed and the bill dismissed.                                                    *Bill dismissed.*