Delta Die Casting Company, Plaintiff-Appellee, v. Village of Schiller Park, a Municipal Corporation, John C. Theodosakis et al., Defendants-Appellants.

**Gen. No. 47,451.**

First District, Second Division.
June 3, 1958.
Released for publication June 20, 1958.

Milton K. Joseph, of Chicago, for defendants-appellants.

Fifielski & Zak, of Chicago (Edwin P. Fifielski, of counsel) for plaintiff.

JUSTICE LEWE delivered the opinion of the court.

Defendants appeal from an interlocutory order restraining them from prosecuting a complaint charging that plaintiff operated its business in a manner so as to constitute a nuisance under an ordinance of the Village of Schiller Park.

Plaintiff's suit seeks a permanent injunction, and a judgment for damages in the sum of $20,000.

The basic issue is whether a court of equity has jurisdiction to interfere with the prosecution for violation of an ordinance.

The complaint alleges in substance, that plaintiff, who deals in die castings and related products, in 1954, located on the outskirts of Schiller Park, and was under the jurisdiction of the County of Cook; that plaintiff's premises were zoned and classified as "I-2, heavy manufacturing"; that in February, 1957, plaintiff's premises were annexed to the Village of Schiller Park, and immediately thereafter, the Village proceeded to rezone plaintiff's premises to "Classification 'D' Industrial District (Light Industry)" for the purpose of depriving plaintiff of its vested property right of a nonconforming use of the premises;

544

that the ordinance is unreasonable, discriminatory, illegal, invalid and contrary to the constitutions of the State of Illinois and the United States; and that defendants have carried on a discriminatory, harassing and wrongful campaign against plaintiff, including use of unreasonable inspections and police actions to deprive plaintiff of its vested property rights in a nonconforming use of the premises.

■■ In City of Chicago v. Chicago City Ry. Co., 222 Ill. 560, 570, the court said,

"It is settled beyond controversy that a court of equity has no jurisdiction to interfere with prosecutions for criminal offenses, and it makes no difference whether the prosecution is under a statute which applies to the State at large or under an ordinance which is in force only in a particular municipality. Courts of equity deal only with civil and property rights, and their powers do not extend to determining what laws or ordinances are valid or invalid unless such determination is incidental to the protection of rights recognized by courts of equity alone. (High on Injunctions, sec. 68, p. 1244.)"

The only exceptions to the rule that a court of equity will not interfere by injunction to restrain the enforcement of the ordinances of the village or city, are, 1) to prevent a multiplicity of suits, and 2) to prevent irreparable injury. Village of Dolton v. Dolton, 201 Ill. 155. In Poyer v. Village of Des Plaines, 123 Ill. 111, the court said at p. 115: "The questions arising in the prosecutions sought to be enjoined can be determined in the tribunal in which they are pending, or in that to which they may be taken by appeal. The legality or illegality of the ordinance is purely a question of law, which the common law court is competent to decide. If the defendant is not guilty of violating this provision, as alleged, the determination of that fact is peculiarly within the province of that court.

545

In either event, appellant had a full and complete defense at law."

 With respect to the allegations, relating to the multiplicity of suits and irreparable injury, in the complaint, it does not appear that the facts and circumstances which constitute the alleged multiplicity of suits and irreparable injury are set out with sufficient particularity to apprise the opposite party of what it is called upon to answer. On motions to strike, the allegations of an amended complaint must be taken most strongly against the plaintiff. Only facts well pleaded are admitted. The allegations that the ordinance in controversy is unreasonable, discriminatory, illegal and invalid is a conclusion, as is the charge that defendants have carried on a discriminatory, harassing and wrongful campaign against plaintiff. (Aaron v. Dausch, 313 Ill. App. 524 and Knaus v. M. R. C. Finance Corp., 327 Ill. App. 214.) Also see 30 I. L. P., Pleading, Sec. 10. In Moy v. City of Chicago, 309 Ill. 242, 247, the court said, "Courts of equity are reluctant to take jurisdiction of a case to enjoin the enforcement of a municipal ordinance on a matter on which the municipality has the power to legislate, and will not do so to prevent a multiplicity of suits unless the ordinance actually affects a right or interest common to a large number of complainants." The complaint does not allege that plaintiff was served more than once or that more than one suit was brought before the police magistrate. Nor is there any showing that a succession of suits will be filed. All defenses available to plaintiff, including its alleged vested right in a non-conforming use, could have been asserted before the police magistrate. We must assume that the police magistrate will follow the law. In the event that he does not do so, plaintiff has a right to a trial de novo.

546

In view of our findings above, we do not regard it as necessary to rule on the other contentions made.

For the reasons given, the interlocutory order is reversed.

Reversed.

KILEY, P. J. and MURPHY, J., concur.