H. G. Goelitz Co., a Corporation of Illinois; William H. Goelitz, Successor Trustee Under the Provisions of a Trust Agreement Dated December 29, 1934, and Recorded December 31, 1934, as Document No. 11535599 and Known as Trust No. 1, Plaintiffs-Appellees, v. Town of Cicero, a Municipal Corporation, Henry J. Sandusky, President of the Board of Trustees of the Town of Cicero, Joseph Cibulka, Commissioner of Buildings of the Town of Cicero, Erwin Konovsky, Superintendent of Police of the Town of Cicero, Defendants-Appellants.

Gen. No. 48,021.

First District, Second Division.
November 22, 1960.

Christy S. Berkos, of Cicero (Miles Wlodek, of counsel) for appellants.

Sullivan, Jeffers & Doheny, of Chicago (John P. Sullivan and James J. Doheny, of counsel) for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiffs filed a complaint in equity to restrain the officials and the Town of Cicero from prosecuting a complaint before a Police Magistrate for violation of a building ordinance and from filing any other complaints against them on the ground that the operation and maintenance of their asphalt plant is a public nuisance or that it emits smoke and fumes, and from arresting them or their servants so long as the operation of the plant is approved by the Smoke Abatement Commission. Upon overruling defendants' exceptions to the master's report a decree was entered as prayed in the complaint, to reverse which defendants appeal.

The ordinance complaint filed with the magistrate charges violation of Section 33, Chapter 41 of the Building Code in that on August 29, 1958, the plant emitted smoke and fumes and the operation and maintenance of the plant was a public nuisance. Plaintiffs claim they did not violate the ordinance. Defendants charge that the corporate plaintiff violated the Build-

226

ing Code in that no plans were submitted to the Building Commissioner for the erection of the building, no permit was obtained for its construction and no occupancy permit was secured therefor; that plaintiffs violated the smoke ordinance in constructing dust washing equipment without submitting plans or obtaining a permit and certificate of operation; and that they violated the zoning ordinance. Plaintiffs deny they violated the ordinances and say they were not required to have permits, and charged that they had no adequate remedy at law. Defendants denied the allegation. In their exceptions they also asserted that the master should have found that plaintiffs have an adequate remedy at law. The master made no finding concerning this issue; nor did the court in its decree. Plaintiffs do not rely on the avoidance of a multiplicity of suits as a ground for relief. The master did not find that plaintiffs would suffer any damage or irreparable damage by the actions of the defendants in prosecuting the complaint. However, the chancellor in the decree found that plaintiffs would suffer irreparable injury unless restrained.

■ Plaintiffs point out that the case was tried on its merits and say that it is too late to maintain that there was an adequate remedy at law, citing Miller v. Rowan, 251 Ill. 344, 96 N. E. 285, and other cases. These cases hold that the objection that the remedy sought belongs to the domain of the law courts must ordinarily be asserted in due time or it will be regarded as waived. In the instant case the inadequacy of a remedy at law was alleged by the plaintiffs in their complaint and issue thereon was joined by the defendants in their answer. The point was again presented in the exceptions to the master's report. In Kaufman v. Wiener, 169 Ill. 596, 600, 48 N. E. 479, the court recognized that the defense that an adequate remedy exists at law can be made in an answer. We conclude that the defendants in due time asserted the

defense that plaintiffs have an adequate remedy at law.

■ Plaintiffs charge that they will suffer irreparable injury in that they have paving contracts with certain firms and municipalities containing penalty clauses for failure to complete within specified times. No such contracts were offered in evidence, and the master did not make any finding as to the existence of any such contracts. A witness for plaintiffs testified that he had paving contracts in certain locations and that the cost of hauling was an item that might be cut down if the distance was less and that the investment in the plant was $300,000. This was the extent of the evidence concerning irreparable damage. The fact that plaintiffs had a financial investment would not in itself afford an immunity to them from proceedings against them for violating a regulatory ordinance. Plaintiffs do not contend that any provision of the Building Code is invalid. Courts of chancery are reluctant to enjoin the enforcement of an ordinance on a matter on which the municipality has the power to legislate and the enforcement of an ordinance should not be enjoined except in a clear case. Delta Die Casting Co. v. Village of Schiller Park, 17 Ill. App. 543, 150 N.E.2d 843; City of Chicago v. Chicago City Ry. Co., 222 Ill. 560, 78 N. E. 890.

■ We are of the opinion that plaintiffs have an adequate remedy before a Police Magistrate or in any court to which the case is taken by appeal. The defenses asserted in the instant case may be presented for consideration in any prosecution under the ordinances. Therefore the decree is reversed and the cause is remanded with directions to dismiss the complaint for want of equity.

Decree reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.