Edwin Provus and Bertram Provus, as Trustees, Plaintiffs-Appellees, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.
Bertram B. Provus, Plaintiff-Appellee, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.

Gen. Nos. 48,678, 48,679.

First District, First Division.

February 19, 1962.

Rehearing denied March 8, 1962.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Harry H. Pollack, Assistant Corporation Counsel, of counsel), for appellant.

Jacob Shamberg and Jay Erens, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

These interlocutory appeals have been taken by the City of Chicago from temporary injunctions granted by the Circuit Court pending determination of two declaratory judgment actions. The plaintiffs in the two suits are essentially the same, and the complaints and proceedings are the same except that they involve two different premises. The appeals have, therefore, been consolidated in this court.

The complaints seek a declaration as to whether plaintiffs' buildings, in their present status, violate the applicable building, housing, and zoning ordinances of the City of Chicago. They allege that the buildings are in full compliance, but that the City, over a five-year period, has wilfully and unreasonably vexed and harassed plaintiffs by demanding compliance with nonapplicable ordinances, by withholding permits necessary for the doing of work demanded; by making piecemeal demands and instituting piecemeal prosecutions and other legal actions, some of which are pending; by threatening more of the same type of harassment; and so on. The theory of the complaints is that the court, by declaratory judgment, should

300

exercise its historic function of interposing itself between citizen and inequitable authority.

The City filed motions to strike and dismiss, and plaintiffs filed petitions for temporary injunctions. After full hearing (at which no evidence was presented) the motions were denied and the petitions were allowed; temporary injunctions were issued restraining the City from instituting or prosecuting any actions for enforcement of any building, housing or zoning ordinances until further order of court.

■ By these appeals the City seeks reversal of the injunction orders. It also asks this court to reverse the orders denying the City's motions to dismiss, and to remand with directions to dismiss the cases. In so far as the orders denied the motions to dismiss they are not appealable, and our direction to dismiss would involve the exercise of original jurisdiction beyond our constitutional authority. (In re Estate of Green, 16 Ill2d 598, 158 NE2d 610.) We, therefore, express no opinion as to the sufficiency of the declaratory judgment complaints.

■ We have no doubt of the Circuit Court's general authority to maintain the status quo by injunction pending determination of the issues in litigation. This is conceded by both parties who argue, from the same base, that the injunctions in this case do, or do not, result in maintaining the status quo.

As to what we consider the essentials of these appeals, the City relies on the general proposition that a court of equity should not enjoin the prosecution of criminal or quasi-criminal statute or ordinance violations, citing a long line of cases, including H. G. Goelitz Co. v. Town of Cicero, 28 Ill App2d 225, 171 NE2d 233; and Delta Die Casting Co. v. Village of Schiller Park, 17 Ill App2d 543, 150 NE2d 843.

Plaintiffs contend that exceptions to this rule are to be recognized when injunctions would be neces-

sary to protect property rights (City of Chicago v. Chicago City Ry. Co., 222 Ill 560, 78 NE 890); to prevent irreparable injury (Poyer v. Village of DesPlaines, 123 Ill 111, 13 NE 819); to prevent a multiplicity of suits (Village of Dolton v. Dolton, 201 Ill 155, 66 NE 323); to determine a controversy which can be adjudicated fully only by a court of equity (City of Chicago v. Chicago City Ry. Co., 222 Ill 560, 78 NE 890).

We believe that neither of these groups of cases is dispositive of the question before us in this case, and we have been directed to no decision squarely in point.

The terms of the injunctions are extremely broad, prohibiting all actions for enforcement of any building, housing or zoning ordinance of the City. These areas of City authority are extensive enough to embrace matters vitally affecting the public health, safety and welfare, to which private rights must be subordinated. Nothing in the complaints, petitions, or injunction orders is set forth with sufficient particularity to give us any indication or assurance that the public interest is not so involved. Under those circumstances, we believe that the restraints placed upon the City exceeded the bounds of a proper exercise of the chancellor's discretion in preserving the status quo.

The injunctional parts of the orders of the Circuit Court are, therefore, reversed, and the appeals are dismissed as to the parts of the orders denying the City's motions to dismiss the complaints.

Reversed in part.

Dismissed in part.

MURPHY, P. J. and BURMAN, J., concur.