FREEMAN COAL MINING COMPANY, Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

(No. 73-334;

Fifth District—June 11, 1975.

Richard R. Elledge, of Gould & Ratner, of Chicago, for petitioner.

William J. Scott, Attorney General, of Springfield (Larry R. Eaton and Anthony B. Cameron, Assistant Attorneys General, of counsel), for respondents.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Petitioner, Freeman Coal Mining Company, files its petition for review in this court pursuant to Supreme Court Rule 335. (Ill. Rev. Stat. 1973, ch. 110A, par. 335; 50 Ill.2d R. 335.) It seeks review of an order entered by respondent Illinois Pollution Control Board finding petitioner in violation of rules and regulations governing the control of air pollution ("Air Rules") adopted by the Air Pollution Control Board, a predecessor agency, in existence before the Environmental Protection Agency (E.P.A.) and the Pollution Control Board, created by the enactment of the Environmental Protection Act (ch. 111½, par. 1001, *et seq.*), came into being on July 1, 1970, and assessing a penalty of $1500 for such violations.

On July 28, 1972, respondent E.P.A. filed a complaint against the petitioner alleging that petitioner violated Rule 2—2.53, Rule 3—3.122, and Rule 2—2.41 of the "Air Rules." On April 18, 1973, respondent E.P.A. filed a motion for leave to file an amended complaint. The amended complaint attached to said motion added the allegation that the petitioner violated Rule 3—2.110 of the "Air Rules," in that petitioner had "installed or constructed two multiclone collectors on its coal fired boilers without first receiving permits." No order granting leave to file the amended complaint appears in the record furnished by respondents. On May 7, 1973, petitioner Freeman filed an affidavit stating that "two multiclones had been installed for the purpose of controlling the particulate emissions from those boilers, for which E.P.A. subsequently issued the appropriate permits." Petitioner's motion to dismiss the proceedings was denied by an order entered May 17, 1973. On May 21, 1973, a hearing was conducted and evidence taken. On September 6, 1973, respondent Board entered its order finding the petitioner in viola-

tion of Rule 3—3.122, Rule 2—2.41, and Rule 3—2.110 of the "Air Rules" and assessing a penalty of $1500 for such violations.

By the provisions of section 49(c) of the Environmental Protection Act:

> "All rules and regulations of the Air Pollution Control Board, the Sanitary Water Board, or the Department of Public Health relating to subjects embraced within this Act shall remain in full force and effect until repealed, amended, or superseded by regulations under this Act." (Ill. Rev. Stat. 1971, ch. 111½, par. 1049(c).)

Section 31(a) of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1031(a)) provided, in part:

> "If such investigation discloses that a violation may exist, the Agency shall issue and serve upon the person complained against a written notice, together with a formal complaint, which shall specify the provision of this law or the rule or regulation under which such person is said to be in violation, and a statement of the manner in, and the extent to which such person is said to violate this law or such rule or regulation and shall require the person so complained against to answer the charges of such formal complaint at a hearing before the Board at a time not less than 21 days after the date of notice, except as provided in Section 34 of this Act".

The notice and complaint so served form the basis for the respondent Board's jurisdiction over the petitioner. Said respondent has considerable discretion in allowing leave to file amended complaints, and petitioner responded to the additional charge in its affidavit.

Rule 3—3.122 of the "Air Rules" provided, in part:

> "The production or emission of dense smoke is prohibited. No person shall cause, suffer or allow to be emitted into the open air from any fuel-burning equipment, internal combustion engine, premise, open fire, or stack smoke the appearance, density, or shade of which is No. 2 or darker, of the Ringelmann Chart except as provided in Rule 3—3.300.
> * * * ."

Rule 2—2.41 of the "Air Rules" provided:

> "This program, when filed with the Technical Secretary, shall schedule over a reasonable period of time either an installation of gas cleaning devices and/or the replacement and/or alteration of specified facilities such that emissions of air contaminants are reduced to the levels required by these Regulations.

The Technical Secretary shall review these programs and make recommendations to the Board concerning whether or not such programs are adequate and reasonable. The Board may approve programs upon recommendation of the Technical Secretary. * * * When an emission reduction program has been approved, the person receiving the approval shall not be in violation of this Section provided that the approval program is being implemented.

The Technical Secretary shall make frequent reports to the Board on emission reduction programs received and his recommendations on said programs. The responsible person for an approved program shall make periodic reports to the Board at their request on the progress being made toward completing a program. The burden of proof that the progress on the emission reduction program is acceptable will be with the person who submits it."

Rule 3—2.110 of the "Air Rules" provided:

"A permit shall be required from the Technical Secretary for installation or construction of new equipment capable of emitting air contaminants to the atmosphere and any new equipment intended for eliminating, reducing or controlling emission of air contaminants."

■■ The respondent Board found that the petitioner had agreed to an Air Contaminant Emission Reduction Program (ACERP) which was approved by the predecessor agency and which was to be completed by July 31, 1969. It also found that the petitioner's ACERP was not completely operational until March 25, 1970. The respondent Board then concluded that it had "no alternative but to find Freeman guilty of violating Rules 2—2.41 and 3—2.110 as charged." While we believe that these findings of the respondent Board were based upon evidence of dubious admissibility, we will accept such findings for the purposes of this discussion. The alleged violation of Rule 2—2.41 occurred prior to July 1, 1970, the effective date of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1001 *et seq.*) At the time of the alleged violation the Illinois Air Pollution Control Act (Ill. Rev. Stat. 1969, ch. 111½, par. 240.1 *et seq.*) was operative. Section 9 of the Air Pollution Control Act provided, in part, that,

"(a) The Technical Secretary shall cause investigations to be made upon the request of the Board or upon receipt of information concerning an alleged violation of this Act or any rule or regulation promulgated hereunder and may cause to be made such other investigations as he shall deem advisable.

(b) If, in the opinion of the Technical Secretary, such investi-

gation discloses that a violation does exist, he shall by conference, conciliation and persuasion, endeavor to the fullest extent possible to eliminate such violation.

In case of the failure by conference, conciliation and persuasion to correct or remedy any claimed violation and the filing by the Technical Secretary of a formal complaint with the Board, the Board may cause to have issued and served upon the person complained against a written notice, together with a copy of the formal complaint * * *." (Ill. Rev. Stat. 1969, ch. 111½, par. 240.9.)

The language of the foregoing statute made quite clear that prosecution by formal complaint was authorized under the Air Pollution Control Act only when other means of persuasion failed. The statute expressly provided the Technical Secretary *shall* endeavor "to eliminate such violation" and authorized the Board to issue a formal complaint only if the Technical Secretary failed to secure compliance. In the instant case it was neither alleged nor proved that the Technical Secretary failed to gain compliance with Rule 2—2.41 "by conference, conciliation and persuasion." In fact, the respondent Board found that the petitioner's ACERP was operational on March 25, 1970, before the filing of any formal complaint. Under such circumstances we can only conclude that the Technical Secretary was able to eliminate such violation without having to rely upon the formal complaint process, which was only authorized in the "case of the failure by conference, conciliation and persuasion to correct or remedy any claimed violation." Since the alleged violation of Rule 2—2.41, which occurred before the effective date of the Environmental Protection Act, could not have been prosecuted under the Air Pollution Control Act, we hold that it cannot be prosecuted under the Environmental Protection Act. We, therefore, vacate that portion of the respondent Board's order which found a violation of Rule 2—2.41 of the "Air Rules."

■■ With reference to the alleged violation of Rule 3—2.110, by the installation of the "two multiclones without first securing permits," it is noted that the installation of the multiclones was provided for in the ACERP which had been approved by the Technical Secretary of the predecessor agency; that their installation was completed by March 25, 1970, but that the record is absent of any specific request by Freeman Coal Company for such permits from the predecessor agency which had approved the installation of the multiclones. We also note that the E.P.A. issued such permits on May 6, 1971, but brought the charges for failure to have such permits at the time of installation, almost a year after they had granted the permits. The permits, which of course were under

the control of the predecessor agency before the E.P.A. came into existence, and under the E.P.A. thereafter, had not been issued at the time of the installation of the multiclones, nor on the effective date of the Environmental Protection Act, although the predecessor agency had approved the plan which included the installation. Failure to have the permits at the time of installation amounted to a violation as charged by the amended complaint. However, in determining the penalty for such violation, the Board should take into consideration that the installation of the multiclones was a part of the approved ACERP.

The respondent Board also found that the evidence at the hearing was sufficient to find that "the Ringelmann violations occurred as charged." The petitioner raises two arguments for reversal of the finding: (1) that the testimony to the Ringelmann violations was inadmissible since the witness could not testify to the five purported Ringelmann violations from his own recollection; and (2) that respondent Agency did not give timely notice of the alleged Ringelmann violations.

■■ In response to petitioner's first argument respondents contend that the petitioner's failure to raise a specific objection to the use of memoranda constituted a waiver of that issue, and, even if preserved, that the applicable evidentiary rules do not require reversal. While the petitioner's only formal objection to the Agency's witness to the Ringelmann violations did not concern the witness' use of memoranda, we believe petitioner's continual reference to the witness' lack of independent recall and use of memoranda was sufficient to preserve this issue for review. (See *Wadlington v. Mindes,* 45 Ill.2d 447, 259 N.E.2d 257, *appeal dismissed,* 400 U.S. 935.) On the other hand, we do not find this alleged irregularity sufficient to reverse the Board's finding.

■■ The record before us reveals that the Agency's witness personally prepared the memoranda upon which he relied while testifying. The record also reveals that the witness did testify to certain matters which were within his present personal knowledge. The extent to which the witness relied upon such memoranda cannot be determined from the record. However, the record discloses that the petitioner was afforded an opportunity to examine the memoranda relied upon and to utilize such in his cross-examination of the witness. If, as contended by petitioner, the witness had no independent recall (the witness stated he had no recollection of one date and relied heavily on the memoranda throughout his testimony) which could be refreshed by his personally prepared memoranda, such documents would have been admissible provided it had been established that they were prepared contemporaneously with the witness' observations or in the regular course of business. (See Supreme Court Rule 236; Ill. Rev. Stat. 1971, ch. 110A, par. 236; 50 Ill.2d

R. 236.) While it cannot be determined from his record whether the memoranda could have been properly admitted, since the "technical rules of evidence shall not constitute grounds for reversal of an administrative decision unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him" (Administrative Review Act 312(2), Ill. Rev. Stat. 1973, ch. 110, par. 275(a); Supreme Court Rule 335(h)(2); Ill. Rev. Stat. 1973, ch. 110A, par. 335(h)(2); 50 Ill.2d R. 335(h)(2)), See *Lloyd A. Fry Roofing Co. v. Pollution Control Board*, 20 Ill.App.3d 301, 314 N.E.2d 350), we hold that the extent to which the memoranda may have been improperly used constituted harmless error.

██ The petitioner's remaining argument is that the respondent Agency did not give timely notice of the alleged Ringelmann violations. Petitioner cites two cases in support of this argument. (*Citizens Utilities Co. v. Pollution Control Board*, 9 Ill.App.3d 158, 289 N.E.2d 642, and *Mystik Tape v. Pollution Control Board*, 16 Ill.App.3d 778, 306 N.E.2d 574.) Both of the cited cases concerned the degree of specificity required of allegations contained in a formal complaint filed with the Board. Neither case confronted the issue of whether the Environmental Protection Agency was required to notify a purported violator prior to the filing of a formal complaint. Consequently, we find these cases of little aid to the petitioner. While we appreciate the difficulty which arises in defending against Ringelmann violations, we find no merit in petitioner's argument that either "due process" or section 31(a) of the Environmental Protection Act requires that a violator be advised when it is under investigation or informed immediately after a violation has been discovered. We, therefore, affirm the respondent Board's finding with respect to Rule 3—3.122 of the "Air Rules" (Ringelmann violations).

In summary, while we have held that the respondent Board's order finding a violation of Rule 2—2.41 of the "Air Rules" must be vacated, we have affirmed the Board's finding with respect to Ringelmann violations and the violation of Rule 3—2.110 of the "Air Rules."

Since the respondent Board's order assessed a penalty of $1500 for all three violations, only two of which are sustained, we must remand this cause to the respondent Board with directions that it determine the penalty to be assessed for the Ringelmann violations and the violation of Rule 3—2.110.

Affirmed in part, vacated in part, remanded with directions.

G. MORAN and CARTER, JJ., concur.