(No. 57492.—

THOMAS MALONE, Appellee, v. JERRY COSENTINO, State Treasurer, *et al.*, Appellants.

*Opinion filed December 1, 1983.*

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen and Rosalyn Kaplan, Assistant Attorneys General, of Chicago, of counsel), for appellant Jerry Cosentino.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Deputy State's Attorney, and Bruce R. Meckler, Assistant State's Attorney, of counsel), for appellant county officials.

Larry D. Drury, of Chicago, and Berle L. Schwartz, of Highland Park, for appellees.

James A. Murphy, of Peoria, for amicus curiae Illinois Association of Chiefs of Police, Inc.

JUSTICE SIMON delivered the opinion of the court:

At issue here is whether the class plaintiff, Thomas Malone, may bring this civil class action suit challenging the constitutionality of certain fines levied against himself and the other class members in collateral criminal proceedings. We hold that this action is an impermissible collateral attack on the plaintiff's criminal conviction and on the judgments rendered against the other class members.

On May 19, 1982, Malone appeared in the circuit court of Cook County and pleaded guilty to two traffic violations. He was fined $35 for improper lane usage and $225 for driving with a blood alcohol concentration of 0.10% or more. He was also sentenced to one year of supervision for the alcohol-related offense. The total amounts of the fines included $24.50 in penalty assessments required by section 5—9—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—9—1 (every fine imposed in a criminal proceeding or traffic offense "shall include an amount payable to The Traf-

fic and Criminal Conviction Surcharge Fund of the State Treasury in accordance with the [table set out in the statute]")), and $10 in fees authorized by section 25.43 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1981, ch. 34, par. 429.27 (authorizing a $5 fee to be added to all fines imposed for a violation of the Illinois Vehicle Code to provide proceeds for financing the court system)).

Malone did not appeal from his conviction or the sentence of supervision and the imposition of fines. On July 2, 1982, however, he filed this class action against Jerry Cosentino, the State Treasurer; Morgan Finley, the clerk of the circuit court of Cook County; Edward Rosewell, the treasurer of Cook County; James P. McCourt, the Cook County circuit court judge who sentenced Malone for the traffic violations; and the city of Northfield. The plaintiff's complaint alleged that the defendants are charged by statute with the responsibility of collecting and distributing the penalty assessments imposed under section 5—9—1(c) of the Unified Code of Corrections and the fees authorized by section 25.43 of "An Act to revise the law in relation to counties." This appeal concerns counts II, III and IV of the plaintiff's first amended complaint, where he alleged that the penalty assessments and fees authorized by these statutes are unconstitutional under the equal protection clauses of the State and Federal constitutions (Ill. Const. 1970, art. I, sec. 2; U.S. Const., amend. XIV, sec. 1), as well as under article VII, section 9(a) of the State Constitution, which provides: "Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. *** Fees shall not be based upon funds disbursed or collected ***." (Ill. Const. 1970, art. VII, sec. 9(a).) The complaint sought an injunction against the collection or distribution of the proceeds of the allegedly unconstitutional penalties and fees and an

accounting of all assessments made against the class members.

The defendants moved to dismiss the plaintiff's complaint on the grounds that it was an impermissible collateral attack on his prior criminal conviction and sentence. After denying this motion and conditionally granting the plaintiff's motion for class certification, the circuit court granted the plaintiff's motion for judgment on the pleadings and held that the fee and penalty assessment statutes are unconstitutional under article VII, section 9(a), of the Illinois Constitution; the equal protection clauses of the State and Federal constitutions; and the doctrine of separation of powers. The defendants appealed directly to this court. 87 Ill. 2d R. 302(a)(1).

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding ***." (49 C.J.S. *Judgments* sec. 401 (1947).) This court has long recognized this principle as the law of this State. As early as 1850, this court stated that when jurisdiction is established a court's judgment "being thus entered by authority of law, no matter how erroneous it may be, or even absurd—though it be made in palpable violation of the law itself, and manifestly against the evidence—is, nevertheless, binding upon all whom the law says shall be bound by it, that is, upon all parties and privies to it, until it is reversed in a regular proceeding for that purpose. While it remains a judgment, it cannot be inquired into, nor its regularity questioned, in any collateral proceeding." (*Young v. Lorain* (1850), 11 Ill. 624, 637.) Once a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal, or in one of the traditional collateral proceedings now de-

fined by statute. Ill. Rev. Stat. 1981, ch. 110, pars. 10—101 to 10—137 (*habeas corpus*); Ill. Rev. Stat. 1981, ch. 110, par. 2—1401 (relief from judgments); Ill. Rev. Stat. 1981, ch. 38, pars. 122—1 to 122—7 (post-conviction hearing).

It is not contested that the circuit court had jurisdiction to convict and sentence Malone for his traffic violation. In those proceedings Malone could have challenged the constitutionality of the penalties and fees imposed, and if he had done so he could have also raised the issue on direct appeal. After allowing the circuit court's judgment to become final, he is barred from raising the constitutional issue in this *ad hoc* collateral proceeding. See *Walker v. Cockrell* (1982), 110 Ill. App. 3d 562, 564 (class action alleging unconstitutionality of statute authorizing circuit court clerk to retain 10% of bail-bond deposits for costs is improper collateral attack); *Morgan v. Finley* (1982), 105 Ill. App. 3d 80, 82-84 (class action alleging that imposition of fines and costs in connection with orders of supervision is unconstitutional is improper collateral attack); see also *Roth v. Yackley* (1979), 77 Ill. 2d 423, 430 (Underwood, J., dissenting); *Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 495-97.

Malone argues that this class action is a new action with different issues and parties than the prior criminal proceeding and that under these circumstances neither *res judicata* nor collateral estoppel applies. In response, the defendants correctly observe that they rely here on the doctrine of *collateral attack*. "There is some relationship between the doctrines of res judicata and collateral attack, in that both doctrines involve the effect of a judgment in subsequent independent legal proceedings ***. [However,] a determination of the question whether a particular judgment may be subjected to a collateral attack does not necessarily involve an inquiry regarding the scope and effect of the judgment as a former adjudi-

cation upon the facts or causes of action included therein." (46 Am. Jur. 2d *Judgments* sec. 399 (1969).) In this class action the defendant is attempting to avoid a portion of the judgment entered against him by the circuit judge by recovering the fines imposed for his traffic violation. Unless such attacks are channelled into one of the established forms of collateral proceedings, they are barred.

Malone argues that even if this class action is a collateral attack on his criminal conviction, it is permissible because the penalties and fees imposed on him were unconstitutional. To support this argument Malone relies on *People v. Warr* (1973), 54 Ill. 2d 487, 491-93, and *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 205-06, both cases where this court allowed individual criminal defendants to maintain collateral proceedings attacking the constitutionality of the judgment against them even though there was no specific statutory authority for such actions. In doing so, this court "recognized that considerations of justice and fairness require that an accused who asserts a substantial denial of his constitutional rights in the proceedings in which he was convicted be afforded a procedure by which the challenged proceedings may be reviewed." (*People v. Meyerowitz* (1975), 61 Ill. 2d 200, 205.) In *Meyerowitz* the court also emphasized that the circuit court had continuing jurisdiction over the defendants in that case because they were still under probation when they initiated the post-conviction proceedings. 61 Ill. 2d 200, 206.

Even if the circuit court here had the continuing jurisdiction over Malone that the circuit court had over the defendants in *Meyerowitz,* a collateral attack on the judgment against Malone and on the judgments imposed on numerous other persons who were not parties to the proceedings in which Malone was convicted is not a fair or appropriate procedure in this case. Here there is no

unconstitutional deprivation of liberty as in *Warr,* nor is there an unconstitutional conviction to be expunged from the defendants' records as in *Meyerowitz* and *McCabe v. Burgess* (1979), 75 Ill. 2d 457. Malone has not alleged a *substantial* denial of constitutional rights which would serve as justification for allowing a nonstatutory post-conviction remedy. (*Cf. Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108 (collateral attack on conviction for violation of municipal ordinance not permissible).) The only relief Malone seeks on his own behalf is recovery of allegedly unconstitutional fees and penalty assessments in the amount of $34.50, which in our judgment is not a substantial matter.

Moreover, neither *Meyerowitz* nor *Warr* involved an attempt to challenge the constitutionality of a criminal judgment in a civil class action proceeding. Nothing in either case suggests that fairness and justice require that Malone be allowed to maintain a class action even though he has no opportunity for individual post-conviction relief.

Because of our disposition of the case we do not reach the merits of Malone's claim that the penalties and fees imposed on him were unconstitutional. Our treatment of the case renders moot his motions to strike materials contained in the defendants' briefs and dealing with the merits, and those motions are thus dismissed.

For the reasons stated we hold that this civil class action is an impermissible collateral attack on Malone's criminal conviction, and that the circuit court erred in denying the defendants' motion to dismiss the complaint. The judgment of the circuit court of Cook County is reversed and the cause is remanded to that court with directions to grant the defendant's motion to dismiss.

*Judgment reversed; cause*
*remanded, with directions.*