FOSTER and KLEISER, A DIVISION OF METROMEDIA, INC., Plaintiff-Appellee, *v.* THE VILLAGE OF SCHAUMBURG, Defendant-Appellant.

First District (2nd Division)   No. 83—1026

Opinion filed August 14, 1984.

Jack M. Siegel, of Chicago, for appellant.

Thomas T. Burke, William E. Ryan, and Barry A. Springer, all of Burke & Ryan, of Chicago, for appellee.

JUSTICE DOWNING delivered the opinion of the court:

This is a declaratory judgment action. Plaintiff Foster and Kleiser seeks to have the sign ordinance of defendant village of Schaumburg, which prohibits billboards, declared unconstitutional. The trial court entered a preliminary injunction enjoining enforcement of the sign ordinance and subsequently declared sections of the sign ordinance unconstitutional. Defendant appeals.

Plaintiff, a division of Metromedia Corporation, is engaged in the outdoor advertising business. Defendant is a home-rule municipality located in Cook and Du Page counties.

Plaintiff currently owns a billboard on a leased parcel of land in the village of Schaumburg. Plaintiff entered into a lease for the property on March 1, 1957. At that time, the property was in Du Page County. Since June 28, 1963, however, the property has been part of the village of Schaumburg. On November 26, 1957, plaintiff, then doing business as General Outdoor Advertising Co., Inc., secured a building and use permit from Du Page County authorizing the construction of a sign on the leased property. The sign was built soon thereafter and has been continuously maintained since the date of construction.

On August 27, 1974, the defendant adopted Sign Ordinance No. 1099 (sign ordinance), the effect of which was to render plaintiff's sign unlawful. Section 26—4 of the sign ordinance provides:

"Billboards, flashing signs, projecting signs, permanent pennants and streamers, signs painted directly on wall, roof signs, and car signs are hereby expressly prohibited for erection, repair, alteration, or relocation within the village, except as permitted in other sections of this chapter."

Section 26—1 of the sign ordinance defines billboards as follows:

"Any sign other than a directional sign, which directs attention to a business, commodity, service or activity not conducted, sold or offered upon the premises where such sign is located."

Section 26—27 of the sign ordinance provides in part:

"Every sign or other advertising structure in existence on adoption of this chapter which violates or does not conform to the provisions hereof shall be removed or altered or replaced so as to conform with the provisions of this chapter within five years *** ."

Plaintiff was notified by defendant in 1975 that it would have to remove the sign subject to the amortization provisions of the ordinance. On November 2, 1979, defendant notified plaintiff by letter, signed by the village building inspector, that: "I am enclosing a copy

of the sign ordinance that states 'all non-conforming signs must be removed by September 29, 1979.' " Plaintiff failed to remove the sign and defendant commenced an ordinance violation proceeding.[1] Plaintiff appeared in court on January 7, 1980, to answer the charge of display of an illegal sign; the quasi-criminal action was continued pending the determination of plaintiff's petition for injunctive relief. On February 26, 1980, the instant action was instituted by plaintiff.

Plaintiff sought and was granted a preliminary injunction enjoining enforcement of the ordinance. Plaintiff sought a declaration by the court that defendant's sign ordinance was unconstitutional on its face and as applied to plaintiff's sign. The case was continued pending a decision by the United States Supreme Court in *Metromedia, Inc. v. City of San Diego* (1981), 453 U.S. 490, 69 L. Ed. 2d 800, 101 S. Ct. 2882. After a hearing, the court found the sign ordinance to be unconstitutional on its face and permanently enjoined its enforcement. The trial court further directed that its written memorandum be attached to and made part of the order. Defendant appeals.

## I

We first consider defendant's claim that the trial court had no jurisdiction to grant an injunction or declaratory judgment during the pendency of a case in the municipal department of the circuit court of Cook County.

## A

### CIRCUIT COURT OF COOK COUNTY

In order to understand defendant's contention, it is necessary to briefly describe the circuit court of Cook County.[2] It is divided into two departments, county and municipal. The county department is divided into seven divisions, one of which is the law. Within the law division is the miscellaneous section where judges hear cases characterized as extraordinary remedies, which includes declaratory judgment and related injunction-type actions. The municipal department hears, amongst other things, cases involving quasi-criminal offenses. It is divided into six geographical districts.

By virtue of section 9, article VI, of the Judicial Article of the

---

[1]This action was filed in the municipal department of the circuit court of Cook County, entitled Village of Schaumburg v. Frederick A. Schmigle, Individually and as Agent for Foster & Kleiser Co., No. 79—3—007890—01.

[2]See General Orders of the Circuit Court of Cook County No. 1.2—Operation.

1970 Constitution (Ill. Const. 1970, art. VI, sec. 9), the circuit court has original jurisdiction of all justiciable matters.[3]

Supreme Court Rule 295 (87 Ill. 2d R. 295) provides that the chief judge of each circuit may assign an associate judge to hear and determine any matters, except the trial of certain criminal matters. In Cook County, associate judges are generally those sitting in the municipal department.

The general orders of the circuit court of Cook County set forth where civil and criminal proceedings are heard; *e.g.*, section 2.2(b)(iii) provides:

> "(iii) The Municipal Department also hears actions and proceedings filed by municipal corporations seeking relief, including injunctive relief, except proceedings in which the validity of a zoning ordinance is in controversy;
>
> (1) For the enforcement of building, housing and zoning ordinances;
>
> (2) For the appointment of receivers in said cases to cause compliance with the said ordinances;
>
> (3) For the demolition of dangerous, unsafe and uncompleted buildings."

Section 2.2(e)(ii) (although not involved in the resolution of this matter) provides that quasi-criminal cases shall be filed whenever practicable in that district nearest to the location of the offense.

### B

#### LITIGATION

79—3—007890—01

The defendant filed in the municipal department, on or about December 5, 1979, a case against plaintiff for failure to remove its sign as required by its sign ordinance, Village of Schaumburg v. Frederick A. Schmigle, Individually and as Agent for Foster & Kleiser Co., No. 79—3—007890—01.

The information concerning the quasi-criminal case is gleaned from the instant case, its pleadings, briefs and oral argument before this court.

---

[3]For a scholarly discussion of the scope, extent and exceptions to this topic, see Fins, Illinois Appellate Practice Under the New Constitution 40-97 (2d ed. 1977).

80 L 4714

While the municipal department case was pending, plaintiff filed, on February 26, 1980, a complaint for declaratory judgment challenging the constitutionality of defendant's sign ordinance adopted August 27, 1974, requesting that defendant be enjoined and restrained from enforcing the sign ordinance. This was assigned to the county department, law division, miscellaneous section. Because of the nature of relief requested (declaratory judgment and injunction), the instant case was assigned to the extraordinary remedy calendar of the law division. The complaint attached the sign ordinance, referred to various pertinent sections thereof, and alleged that the said sign ordinance violated both the United States and Illinois Constitutions. Plaintiff simultaneously filed a petition, containing identical allegations, for a preliminary injunction. Defendant answered by, amongst other things, challenging the jurisdiction of the law division (of the county department) in hearing the matter inasmuch as a previously filed suit, No. 79—3—007890—01, involving the same ordinance was pending in the municipal department.

The trial court entered a preliminary injunction and, following an evidentiary hearing, held portions of defendant's sign ordinance to be unconstitutional. Thereafter, defendant was permanently enjoined from interfering with or prohibiting plaintiff from maintaining its sign.

## II

### JURISDICTION

### A

The record in the instant case contains the original complaint for declaratory judgment as well as amended complaints for declaratory judgment and for a preliminary injunction. In all the said pleadings, plaintiff's position clearly and unequivocally attacked the constitutionality of defendant's "Sign Ordinance, Ordinance Number 1099." All of the challenged "portions and sections" were from the *sign* ordinance. In none of the pleadings did plaintiff refer to any *zoning* ordinance of defendant's municipal code.

In the preliminary injunction entered on March 24, 1980, defendant was enjoined from enforcing provisions "of its sign ordinance" and from taking any further action in case 79—3—007890—01. This order was not appealed. In the trial court's final judgment order entered March 31, 1980, in the instant case, and in the accompanying

memorandum, those portions of the sign ordinance that prohibit billboards as defined in the sign ordinance were declared unconstitutional. Nothing in any trial court's orders or memoranda refer to any zoning ordinance of defendant.

The distinction between the "sign" and "zoning" ordinance has become critical because of the question as to conflict between the two actions and General Order 2.2(b)(iii). Plaintiff, in its brief and in oral argument before this court, characterized the sign code as a "zoning ordinance."

The record in the instant case indicates that defendant, on August 27, 1974, adopted the *sign* ordinance. It was incorporated into the "Schaumburg Municipal Code" as chapter 26, titled "Signs." All of the disputed provisions involved in this litigation are within chapter 26.

Defendant adopted, on December 5, 1961, a zoning ordinance. Article IX thereof referred to *signs*. This article was divided into sections for residence, business and manufacturing districts. None of the provisions of this article or ordinance have been referred to or complained about in any of plaintiff's pleadings in the instant case. On September 23, 1980, defendant adopted its ordinance No. 1906 amending article IX of the said zoning ordinance as follows:

"*** That Article IX of the Zoning Ordinance of the Village of Schaumburg is hereby amended by deleting this entire Article and adding the following:

'*Article IX - Signs*

Refer to Chapter 26, titled Signs, of the Schaumburg Municipal Code.' "

■ Defendant argues that the trial court in the instant appeal did not have jurisdiction by virtue of the action pending in the municipal department; that the constitutional issue could have been raised in that court; and that this case is not a zoning case. Plaintiff argues that the constitutional issue had to be raised in the instant proceeding and that this issue involves a zoning case. Plaintiff also suggests defendant should have appealed the trial court's grant of a preliminary injunction but, on the other hand, in oral argument before this court acknowledged that defendant can now properly appeal the jurisdictional issue.

Plaintiff also suggests that defendant agreed to delay the municipal department case pending resolution of the instant case. However, the defendant's pleadings in the instant case clearly challenged the trial court's jurisdiction in the declaratory judgment case, and defendant disputes plaintiff's contention. We find nothing in the record to

support plaintiff's claim that defendant agreed to any delay. Obviously, once the trial court in this matter entered the preliminary injunction on March 24, 1980, defendant was judicially enjoined from proceeding in the original case.

## B

■ We next consider the question as to whether plaintiff's challenge to the constitutionality of the sign ordinance could have been filed in the original municipal case. The answer to that is "yes." In *Malone v. Cosentino* (1983), 99 Ill. 2d 29, 33, 457 N.E.2d 395, the supreme court noted that the constitutionality of penalties and fines imposed in a traffic case could have been challenged in that case. Malone brought a civil class action suit challenging the constitutionality of certain fines levied against himself in a traffic violation case. Malone did not appeal from the conviction and imposition of the fines. The supreme court held the civil action was an impermissible collateral attack on Malone's criminal conviction. *Malone v. Cosentino* (1983), 99 Ill. 2d 29, 35, 457 N.E. 2d 395.

In *City of Chicago v. Chicago City Ry. Co.* (1906), 222 Ill. 560, 572, 78 N.E. 890, the supreme court said:

> "Litigation commenced in a court of competent jurisdiction should be allowed to proceed to a final conclusion in that court, and for a court of equity to take jurisdiction to decide a suit upon a ground equally available in a court of law would be obvious error."

See also, *Delta Die Casting Co. v. Village of Schiller Park* (1958), 17 Ill. App. 2d 543, 150 N.E.2d 843; and *Mister Softee of Illinois, Inc. v. City of Chicago* (1963), 42 Ill. App. 2d 414, 192 N.E.2d 424.

In the instant case, the constitutional issue could have, and should have, been raised by plaintiff in the first-filed case, *i.e.*, in the municipal department.

## C

■■ Plaintiff, in its brief before this court, urged that as the ordinance named was a "zoning ordinance," the municipal department was not authorized to determine the validity of such ordinance, since the trial court is the branch of the circuit court which hears challenges to the constitutionality of zoning ordinances.

The fallacy of plaintiff's argument is its own pleadings. Throughout the entire case in the trial court, plaintiff asked for relief from the "Sign Ordinance." At no time did it suggest to the trial court that it was challenging a "Zoning Ordinance." The trial court's judg-

ment order and accompanying memorandum referred to the ordinance as a "Sign Ordinance."

In fact, as earlier described in this opinion, the records of defendant Village indicate the disputed ordinance was a part of its "Sign Ordinance." The amendment to the zoning ordinance adopted by defendant (Ordinance No. 1906) September 23, 1980, did not change the issue in the instant case.

General Order 2.2(b)(iii) authorized the filing, by the defendant, of the municipal department action. Accordingly, the trial court in the instant matter should have deferred to the first-filed case. For that reason, the judgment in Case No. 80 L 4714 is reversed and the cause is remanded with directions that the said cause be dismissed.

### III

In view of our action, we do not reach the constitutional question and the issues raised by *Metromedia, Inc. v. City of San Diego* (1981), 453 U.S. 490, 69 L. Ed. 2d 800, 101 S. Ct. 2882, and *Members of the City Council v. Taxpayers for Vincent* (1984), 466 U.S. ___, 80 L. Ed. 2d 772, 104 S. Ct. 2118.

The judgment of the circuit court of Cook County is reversed and remanded with directions.

Reversed and remanded.

STAMOS and O'CONNOR, JJ., concur.