2019 IL App (1st) 181756
Opinion filed: August 16, 2019

FIRST DISTRICT
FIFTH DIVISION

No. 1-18-1756

JOANNA TIELKE,                                        )          Appeal from the
                                                     )          Circuit Court of
                                                     )          Cook County
        Plaintiff-Appellant,                         )
                                                     )
v.                                                   )          No. 17 L 10764
                                                     )
AUTO OWNERS INSURANCE CO.,                           )
LEAHY EISENBERG & FRAENKEL LTD.,                     )
MANOR BOWLING AND BILLIARD, INC.,                   )
KEVIN KILLERMAN, 3124 NORTH CENTRAL,                )
LLC and TARA RYNIEC-STANEK,                          )          Honorable
                                                     )          Patrick J. Sherlock,
        Defendants-Appellees.                        )          Judge Presiding.

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Justices Hoffman and Hall concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Joanna Tielke, appeals the circuit court's order dismissing her breach of

contract action against Auto Owners Insurance Company ("Auto Owners"), Leahy Eisenberg &

Fraenkel Ltd. ("LEF"), Manor Bowling and Billiard, Inc. ("Manor Bowling"), Kevin Killerman,

3124 North Central, LLC ("North Central") and Tara Ryniec-Stanek, because it constituted an

improper collateral attack on a judgment order in another case. We affirm[1].

¶ 2     The two cases involved here are: (1) a personal injury action filed by plaintiff against

defendants North Central, Mr. Killerman, and Manor Bowling in case no. 2013 L 011557; and

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal
has been resolved without oral argument upon the entry of a separate written order stating with specificity why no
substantial question is presented.

(2) a subsequent breach of contract action filed by plaintiff against defendants North Central, Mr. Killerman, Manor Bowling, Ms. Ryniec-Stanek, LEF, and Auto Owners in case no. 17 L 10764 and assigned to Judge Patrick J. Sherlock.

¶ 3    I. THE PERSONAL INJURY ACTION (CASE NO. 2013 L 011557)

¶ 4    On September 18, 2017, plaintiff filed a fifth amended complaint (hereinafter "personal injury action") against defendants North Central, Kevin Killerman, and Manor Bowling alleging that their negligence caused her to slip, fall, and injure herself on February 16, 2013, at a bowling alley under defendants' control. In the personal injury action, defendants were represented by Tara Ryniec-Stanek and her law firm, LEF.  Auto Owners was the liability insurer for defendants.

¶ 5    On September 26, 2017, Ms. Ryniec-Stanek, on behalf of all defendants, and in open court, engaged in settlement negotiations with plaintiff and made a settlement offer of $700,000, with the proceeds to be hand-delivered by Friday, September 29, 2017. No settlement was reached on September 26, 2017, but that night Ms. Ryniec-Stanek sent a text to plaintiff confirming that she had spoken with Auto Owners and that the $700,000 settlement offer was still open and available. Ms. Ryniec-Stanek stated that if plaintiff accepted the settlement offer, the check would be delivered on Friday.

¶ 6    The next day, September 27, 2017, at the break in the testimony of Mr. Killerman, plaintiff spoke with Ms. Ryniec-Stanek and orally accepted the settlement offer. Plaintiff further confirmed the acceptance via a text message sent to Ms. Ryniec-Stanek and asked that the check be delivered on Friday, September 29. About 15 minutes later, right before the reconvening of court, Ms. Ryniec-Stanek returned a text stating, "Sorry offer was withdrawn. We will proceed." Plaintiff demanded that the settlement agreement be honored, but Ms. Ryniec-Stanek refused.

¶ 7    Plaintiff brought the matter before the trial court, who stated:

"So the defense is giving you two bites at the apple. So I can't do anything here. The method for you to do this, after trial, if you get a verdict less than the accepted offer, you file a breach of contract lawsuit."

¶ 8    The trial court further stated: "So I encourage you to do what you need to do to protect your rights. The only thing for me to do is to proceed with trial. *** I'm denying [plaintiff] any relief."

¶ 9    The trial proceeded, and on October 2, 2017, the jury returned a verdict in favor of plaintiff and against defendant Manor Bowling in the amount of $332,425. The jury found that defendants Kevin Killerman and North Central were not liable. The trial court entered judgment on the verdict and later awarded plaintiff certain costs that she was entitled to recover as the prevailing party at trial.

¶ 10   Two days later, on October 4, 2017, plaintiff made a written demand that Auto Owners tender the full amount of the $700,000 settlement agreement. In response, Ms. Ryniec-Stanek wrote a letter to plaintiff on October 6, 2017, denying that a settlement had been reached before the offer was withdrawn. Ms. Ryniec-Stanek stated:

"We disagree with your representations and no settlement was effectuated. Our settlement offer was withdrawn, and your actions, including continuing to prosecute your case and presenting new demands, confirm this."

¶ 11   Ms. Ryniec-Stanek further stated that Auto Owners had prepared a check for $332,425 in satisfaction of the judgment on the verdict.

¶ 12   On October 16, 2017, the defendants in the personal injury action filed a motion to "enforce full satisfaction of [the] verdict and judgment." Defendants alleged that "[t]o date,

plaintiff's counsel has refused to accept the tender of the verdict check and post-judgment interest in full satisfaction of the jury's verdict and judgment entered in favor of the plaintiff, Joanna Tielke, and against the defendant, [Manor Bowling]."

¶ 13 On October 27, 2017, plaintiff accepted the check. In correspondence with defendants, plaintiff indicated that she was accepting the check as payment of the jury verdict only, and not as full payment of the amount owed to her under the settlement agreement. Plaintiff stated that she was still owed the difference between the $700,000 settlement agreement and the amount tendered to her in payment of the jury verdict.

¶ 14 On November 1, 2017, plaintiff brought a posttrial motion in the personal injury action, seeking an award of costs as well as sanctions against defendants for various alleged improprieties before and during the trial. Plaintiff did not seek rehearing or reconsideration of the denial of the motion to enforce the settlement agreement. The trial court granted plaintiff's posttrial motion in part, awarding her certain costs. The court denied her request for sanctions. Plaintiff did not file any appeal.

¶ 15 II. THE BREACH OF CONTRACT ACTION (NO. 17 L 10764)

¶ 16 On October 24, 2017, plaintiff filed her breach of contract action in case number 17 L 10764 ("breach of contract action") against defendants Auto Owners, LEF, Manor Bowling, Mr. Killerman, North Central, and Ms. Ryniec-Stanek, alleging that they had breached the settlement agreement in the personal injury action by refusing to pay the agreed-upon $700,000.

¶ 17 On February 27, 2018, Auto Owners filed a motion to dismiss the breach of contract action. The motion was labeled as being brought pursuant to section 2-615 of the Code of Civil Procedure ("Code") (735 ILCS 5/2-615 (West 2016)), but the memorandum in support sought dismissal based on section 2-619 (735 ILCS 5/2-619 (West 2016)). Specifically, Auto Owners

alleged that plaintiff's breach of contract claim constituted an improper collateral attack on the judgment entered on the verdict in the underlying personal injury action, and that the contract claim was also barred by *res judicata*, judicial estoppel and accord and satisfaction. Manor Bowling, North Central, LEF, and Ms. Ryniec-Stanek subsequently joined in the dismissal motion. Mr. Killerman was not served with a summons and complaint, and therefore did not join in the dismissal motion.

¶ 18     On July 13, 2018, Judge Sherlock dismissed plaintiff's breach of contract action against all defendants.  Judge Sherlock noted that although the dismissal motion was labeled as being brought pursuant to section 2-615, the memorandum in support cited to section 2-619. The judge found that "[s]ince the brief argues affirmative matter defeating the claim, the Court will proceed under [section ] 2-619." The judge rejected the arguments as to *res judicata*, judicial estoppel, and accord and satisfaction, but found that the breach of contract action was an impermissible collateral attack on the order entered in the underlying personal injury case denying plaintiff's motion to enforce the settlement agreement. Accordingly, the judge ordered:

"A. Defendants' Motion to Dismiss plaintiff's complaint pursuant to 735 ILCS 5/2-619 is granted.

B. The claim against the unserved defendant Kevin Killerman is dismissed on the Court's own motion."

¶ 19     Plaintiff now appeals the order dismissing her breach of contract action.

¶ 20     III. THE APPEAL

¶ 21     Initially, plaintiff notes that Auto Owners' motion to dismiss was labeled as being brought pursuant to section 2-615, but that the supporting memorandum filed by Auto Owners, and the joinder motions filed by Manor Bowling, North Central, LEF, and Ms. Ryniec-Stanek

referenced section 2-619. Given the references to both section 2-615 and section 2-619, plaintiff contends that the motion should be deemed a section 2-619.1 motion seeking relief under both sections and analyzed accordingly.

¶ 22    A motion to dismiss pursuant to section 2-615 attacks the sufficiency of the complaint and raises the question of whether the complaint states a claim upon which relief can be granted. *Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1029 (2006). A section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or that are established by external submissions acting to defeat the complaint's allegations. *Id.* The resolution of either motion involves only a question of law, and therefore this court's review is *de novo*. *Id.* at 1030.

¶ 23    Section 2-619.1 provides that section 2-615 and section 2-619 motions may be filed together as a single motion, but that such a combined motion shall be divided into parts that are limited to and specify the single section of the Code under which the relief is sought. *Id*. at 1029. "While a failure to properly label a combined motion to dismiss is not a pleading practice we encourage, a reversal for that deficiency is appropriate only when prejudice to the nonmovant results." *Id*.

¶ 24    Plaintiff argues that Auto Owners' motion was not divided into parts designating the Code provision (section 2-615 or section 2-619) upon which relief was sought, resulting in "unnecessary complication and confusion" such that the motion should have been *sua sponte* rejected by the trial court. See *Howle v. Aqua Illinois, Inc.*, 2012 IL App (4th) 120207, ¶73 (holding that trial courts should *sua sponte* reject a section 2-619.1 motion that fails to meet the statutory requirements).

¶ 25    Plaintiff's argument is unavailing. Section 2-619.1 is intended to eliminate the filing of "hybrid" motions pursuant to both sections 2-615 and section 2-619, by requiring a movant to clearly delineate the arguments under each section. *Higgins v. Richards*, 401 Ill. App. 3d 1120, 1125 (2010). However, Auto Owners' motion to dismiss was not a hybrid of section 2-615 and section 2-619, but was a section 2-619 motion only, and therefore it was not subject to the dictates of section 2-619.1. Specifically, Auto Owners' accompanying memorandum of law in support of its motion argued for dismissal only on the basis of section 2-619(a)(4) (providing for dismissal where "the cause of action is barred by a prior judgment") and section 2-619(a)(9) (providing for dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim"). See 735 ILCS 5/2-619(a)(4), (a)(9) (West 2016). Pursuant to section 2-619(a)(4), Auto Owners argued that plaintiff's breach of contract action should be dismissed as an improper collateral attack on the judgment entered on the verdict in the underlying personal injury case, or alternatively, on the basis of *res judicata*. Pursuant to section 2-619(a)(9), Auto Owners argued that the breach of contract action should be dismissed on the basis of judicial estoppel, and accord and satisfaction. As no arguments were made under section 2-615, Auto Owners' motion cannot be considered a combined motion under sections 2-619 and section 2-615 and therefore it was not subject to the dictates of section 2-619.1.

¶ 26    Although Auto Owners' motion was labeled as a section 2-615 motion, the labeling was a scrivener's error, given that the accompanying memorandum argued for dismissal not on the basis of section 2-615, but rather on the basis of section 2-619. Plaintiff has shown no prejudice to her by the mislabeling of the dismissal motion, as her response to the motion addressed the arguments made pursuant to section 2-619(a)(4) and (a)(9), and demonstrated no

misunderstanding of the legal basis of the motion. The misdesignation of the motion as being brought pursuant to section 2-615 was not fatal to Auto Owners' right to prevail where plaintiff suffered no prejudice due to the error. *Becker v. Zellner*, 292 Ill. App. 3d 116, 121 (1997).

¶ 27    Plaintiff argues that even if Auto Owners' motion was brought only pursuant to section 2-619, the joinder motions filed by defendants Manor Bowling, North Central, LEF, and Ms. Ryniec-Stanek violated section 2-619.1 because LEF and Ms. Ryniec-Stanek made improper hybrid references to section 2-615. We disagree. Manor Bowling, North Central, LEF, and Ms. Ryniec-Stanek joined in Auto Owners' motion and adopted its arguments for dismissal under section 2-619. LEF and Ms. Ryniec-Stanek also separately argued, in the alternative, that plaintiff's breach of contract action against them should be dismissed under section 2-615. LEF and Ms. Ryniec-Stanek clearly delineated their argument under section 2-615, separate from their arguments under section 2-619, and therefore complied with section 2-619.1. The trial court ultimately found LEF's and Ms. Ryniec-Stanek's section 2-615 motion to dismiss to be moot in the wake of its granting of the section 2-619 dismissal. No argument is made on appeal regarding the court's disposition of the section 2-615 motion, and accordingly any issue related thereto is forfeited. See Illinois Supreme Court Rule 341(h)(7)(eff. May 25, 2018).

¶ 28    Plaintiff argues, though, that Auto Owners' section 2-619 dismissal motion was fatally defective because it was not supported by an affidavit. See 735 ILCS 5/2-619 (West 2016) ("If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit.") We disagree. Plaintiff does not show she was prejudiced by the failure to file a supporting affidavit, as her response to the motion demonstrated her awareness of the affirmative matter raised in the section 2-619 motion to dismiss.

¶ 29    We proceed to address the trial court's dismissal order.

¶ 30 First, plaintiff argues that the trial court erred by dismissing her breach of contract action on the basis of the collateral attack doctrine. *Malone v. Cosentino*, 99 Ill. 2d 29 (1983), is informative. In *Cosentino*, a plaintiff filed a class action challenging the constitutionality of certain fines for alcohol-related offenses that were assessed against him in a wholly collateral traffic court proceeding. *Id*. at 30-31. In holding that his action was barred as an impermissible collateral attack on the traffic court judgment, our supreme court stated:

> "[W]hen jurisdiction is established a court's judgment 'being thus entered by authority of law, no matter how erroneous it may be, or even absurd—though it be made in palpable violation of the law itself, and manifestly against the evidence—is, nevertheless, binding upon all whom the law says shall be bound by it, that is, upon all parties and privies to it, until it is reversed in a regular proceeding for that purpose. While it remains a judgment, it cannot be inquired into, nor its regularity questioned, in any collateral proceeding.' [Citation.] Once a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal, or in one of the traditional collateral proceedings now defined by statute, [*e.g*., *habeas corpus*, section 2-1401 petitions, and post-conviction proceedings]." *Id*. at 32-33.

¶ 31 In accordance with *Cosentino*, this court has held that "[u]nder the collateral attack doctrine, a final judgment rendered by a court of competent jurisdiction may only be challenged through direct appeal or procedure allowed by statute and remains binding on the parties until it is reversed through such a proceeding." *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 403 Ill. App. 3d 179, 189 (2010). "The doctrine may be invoked whenever the effect of an action is to modify the former adjudication." *Id*. Additionally, in *Thomas v. Sklodowski*, 303 Ill. App.

3d 1028, 1035 (1999), this court held that "interlocutory orders in a case are as insusceptible to collateral attack as is the final judgment."

¶ 32    Defendants argue that *Thomas v. Sklodowski (id.)* supports the order dismissing plaintiff's breach of contract action as an improper collateral attack on the order entered by the judge in the personal injury action, which denied plaintiff's motion to enforce the settlement agreement. In *Sklodowski*, Stanley Scott was shot and killed by four Chicago Housing Authority (CHA) security guards. *Id.* at 1030. One of the guards was Alfred Thomas. *Id.* Mr. Scott's estate sued the security guards and their employer, Security Enforcement Services, Inc. (SES), as well as the CHA, in federal court for violation of his civil rights. *Id.* Robert Sklodowski, an attorney, entered an appearance for SES and its employees, but subsequently decided to terminate his representation. *Id.*

¶ 33    Mr. Sklodowski made numerous unsuccessful attempts to contact Mr. Thomas, by phone, mail, and by driving out to his business address, to inform him that he would be filing a motion to withdraw. *Id.* at 1030-31. The federal court ultimately granted the motion to withdraw, finding that Mr. Sklodowski had made every reasonable effort to contact Mr. Thomas and to notify him of the withdrawal. *Id.* at 1034.

¶ 34    Five months later, a default judgment was entered against Mr. Thomas. *Id.* at 1031. Mr. Thomas filed a motion to vacate the default judgment on the basis that he did not have notice of Mr. Sklodowski's withdrawal as his attorney. *Id.* The federal court denied the motion to vacate. *Id.* Mr. Thomas subsequently filed a malpractice suit in the circuit court against Mr. Sklodowski and his firm (collectively defendants), alleging that the reason he defaulted in the federal court case is because defendants negligently failed to notify him of Mr. Sklodowksi's withdrawal. *Id.* Defendants countered that they had exercised reasonable efforts to locate Mr. Thomas and that

the federal court had already decided that issue in their favor. *Id.* The circuit court granted summary judgment in favor of defendants. *Id.* Mr. Thomas appealed. *Id.*

¶ 35 The appellate court affirmed, holding that the federal court had entered an order finding that Mr. Sklodowski had made sufficient efforts to notify Mr. Thomas of his withdrawal as his attorney, and that Mr. Thomas's malpractice suit in the circuit court constituted an improper collateral attack on the federal court's order. *Id.* at 1033-35. The appellate court further held that "[a]ny dispute that the plaintiff had with the court's order was properly the subject of an appeal to the Seventh Circuit Court of Appeals rather than a collateral proceeding." *Id.* at 1035.

¶ 36 Similar to *Thomas*, plaintiff here is attempting in her breach of contract action to improperly collaterally attack an order entered in the prior personal injury action denying her motion to enforce the settlement agreement. Specifically, on September 27, 2017, in the midst of the trial in the personal injury action, plaintiff orally moved to enforce the settlement agreement that allegedly had been reached earlier that day[2]. In so moving, plaintiff informed the personal injury court of Ms. Ryniec-Stanek's text on September 26 indicating that defendants' liability insurer, Auto Owners, had agreed to settle the personal injury action for $700,000. Plaintiff further told the personal injury court that she had accepted the settlement offer on September 27 but that soon after the acceptance, Ms. Ryniec-Stanek sent a text stating that the offer was now withdrawn. Plaintiff argued that the offer could not be withdrawn after it had already been accepted, and she asked the personal injury court to enforce the settlement agreement. The

---

[2] Plaintiff argues in her reply brief that she never made an oral motion to enforce the settlement. The record of the hearing on September 27, 2017, belies plaintiff's argument. The judge in the personal injury action asked plaintiff, after she complained of Ms. Ryniec-Stanek's refusal to comply with the settlement agreement, what she wished the court to do, and she responded, "To enforce the settlement, Judge."

personal injury court denied plaintiff's motion[3]. The trial proceeded, and the jury reached its $332,425 verdict in favor of plaintiff and against Manor Bowling. Plaintiff filed a posttrial motion, seeking costs and sanctions, but she did not seek reconsideration of the denial of the motion to enforce the settlement agreement. No appeal was filed from the final judgment entered in the personal injury action.

¶ 37    Instead, plaintiff filed the instant action for breach of contract.  In her breach of contract action, plaintiff repeated the argument, which was made to and rejected by the court in the personal injury action, that the settlement agreement should be enforced. Plaintiff's breach of contract action was an improper collateral attack on the order in the personal injury action that denied her motion to enforce the settlement agreement. The proper mechanism for disputing that order was to raise the issue in a posttrial motion in the personal injury action, and if the posttrial motion was denied, to then file an appeal therefrom. See *Cosentino*, 99 Ill. 2d at 33 (the proper mechanism for attacking a trial court's judgment is by filing a direct appeal, and *not* by filing a collateral action arguing that the judgment was erroneous).

¶ 38    Plaintiff argues, though, that the collateral attack doctrine only prevents a collateral attack on a *final* judgment. See *id.* at 32 ("Once a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal ***.") Plaintiff contends that she filed her breach of contract action before the resolution of the posttrial motions in the personal injury action, *i.e.*, before any final judgment was entered, and therefore that the collateral attack doctrine does not apply here.

_____

[3] Plaintiff argues in her reply brief that the judge never specifically ruled on her motion to enforce the settlement agreement because he found that the motion was not properly before him. The record of the hearing on September 27, 2017, belies plaintiff's argument.  The judge specifically stated, after hearing argument on the motion, "I'm denying [plaintiff] any relief."

¶ 39    Plaintiff's contention is without merit, as this court specifically held in *Thomas* that "interlocutory orders in a case are as insusceptible to collateral attack as is the final judgment." *Thomas*, 303 Ill. App. 3d at 1035. In so holding, *Thomas* cited in support a supreme court case, *Lewis v. Blumenthal*, 395 Ill. 588 (1947). In *Blumenthal*, our supreme court held that "Each and every step taken or order made in the proceeding, whether it concerns the merits or not, is just as impervious to collateral attack as the final judgment on the merits, *** [and] that an interlocutory order, no matter how erroneous, if not void, will justify or protect all persons as completely as the final judgment itself." [Internal quotation marks omitted]. *Id.* at 594. Pursuant to *Thomas* and *Blumenthall*, the trial judge's order in the personal injury action, denying plaintiff's motion to enforce the settlement agreement, was impervious to collateral attack.

¶ 40    Plaintiff argues that the collateral attack doctrine does not apply here because "the filing of a separate action for breach of contract for failure to honor a settlement agreement is proper." In support, plaintiff cites *McCracken Contracting Co. v. R.L. DePrizio & Associates, Inc.*, 122 Ill. App. 3d 680 (1984), and *Vogt v. Bartelsmeyer*, 264 Ill. App. 3d 165 (1994), two cases in which the appellate court issued opinions rejecting challenges to the plaintiffs' actions for breach of contract for failing to honor a settlement agreement; however, *McCracken* and *Vogt* are inapposite, because in neither of those cases was the breach of contract action a collateral attack on an earlier judgment.

¶ 41    Plaintiff argues that the collateral attack doctrine should not apply here because she filed her breach of contract action on the advice of the judge in the personal injury action, who told her:

> "The method for you to do this, after trial, if you get a verdict less than the accepted offer, you file a breach of contract lawsuit."

¶ 42    Plaintiff made this same argument to Judge Sherlock in response to defendants' motion to dismiss her contract action. In rejecting plaintiff's argument and dismissing her breach of contract action, Judge Sherlock noted that the judge in the personal injury action had elsewhere expressly told plaintiff, "So I encourage you to do what you need to do to protect your rights." Judge Sherlock noted that to so protect her rights, plaintiff could have taken a number of actions, other than filing a collateral, breach of contract action:

> "Plaintiff could also have moved for reconsideration after the jury verdict or timely appealed. The denial of enforcement of the settlement was certainly a decision that could have been appealed and was an option for recovery. The payment of the judgment could remain in a trust account pending resolution of an appeal or payment could have been refused. Posttrial motions were filed and argued and yet none involved the issue of enforcement of a settlement agreement."

¶ 43    We agree with Judge Sherlock's analysis. We also note our supreme court's holding in *Bonhomme v. St. James*, 2012 IL 112393, ¶26, that "a party should not be excused from following rules intended to preserve issues for review by relying on a trial court's erroneous belief that an issue was properly preserved for review." (Internal quotation marks omitted). Thus, plaintiff here could not simply rely on the erroneous suggestion of the court in the personal injury action that she file a breach of contract action after trial in the personal injury action in order to collaterally attack the denial of her motion to enforce the settlement; instead plaintiff was required to follow the well-established, supreme court and appellate court precedent that she file a posttrial motion in the personal injury action raising the alleged error in the denial of the motion to enforce the settlement, and then a direct appeal upon any denial of the posttrial motion. See, *e.g.*, *Cosentino*, 99 Ill. 2d at 32-33; *Thomas*, 303 Ill. App. 3d at 1033-35.

¶ 44    Finally, plaintiff argues that the collateral attack doctrine is inapplicable here because the breach of contract and personal injury actions involve different parties. Plaintiff cites *Terra-Nova Investments v. Rosewell*, 235 Ill. App. 3d 330, 335 (1992), which held that "Collateral attacks are improper where there is an identity of parties or their privies in the collateral action and in the earlier suit." Plaintiff contends that while Auto Owners, LEF, and Ms. Ryniec-Stanek were parties to the breach of contract action, they were not parties or privies to the earlier personal injury action, and therefore the collateral attack doctrine cannot apply to them.

¶ 45    We disagree. Plaintiff's breach of contract action is a collateral attack on the denial of her motion to enforce the settlement agreement in the personal injury action. For the collateral attack doctrine to apply, then, there must be an identity of parties or their privies in the breach of contract action and in the motion to enforce the settlement agreement. Such an identity of parties exists here. Plaintiff brought her motion to enforce the settlement agreement against defendants Manor Bowling, Mr. Killerman, North Central, Auto Owners, LEF, and Ms. Ryniec-Stanek. After her motion was denied, she brought her breach of contract action against the exact same defendants (including Auto Owners, LEF, and Ms. Ryniec-Stanek).

¶ 46    For all the foregoing reasons, we affirm the circuit court. As a result of our disposition of this case, we need not address the other arguments on appeal.

¶ 47    Affirmed.