**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210443-U

Order filed November 23, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| DUANE EDWARDS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN D. WHITE, JEFF TOMZACK, | ) | |
| KENNETH CHUDWIN and JULIE | ) | |
| VYVERBERG, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| _____ | ) | Appeal No. 3-21-0443 |
| | ) | Circuit Nos. 19-L-720 and 19-CH-975 |
| DUANE EDWARDS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER RICKMON, RAYMOND NASH, | ) | |
| PHILLIP MOCK, JOSEPH E. BIRKETT, | ) | |
| MARY S. SCHOSTOK, KATHRYN E. | ) | |
| ZENOFF and GEORGE D. LENARD, | ) | Honorable |
| | ) | Brian E. Barrett, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justice Peterson concurred in the judgment.
Justice Holdridge dissented.

_____

**ORDER**

¶ 1    *Held*:  The circuit court did not err in dismissing plaintiff's complaints in case Nos. 19-L-720 and 19-CH-975. The court also did not err in denying plaintiff's motion to recuse judge.

¶ 2    Plaintiff, Duane Edwards, appeals from the Will County circuit court's orders dismissing his complaints, with prejudice, against Stephen D. White, Jeff Tomzack, Kenneth Chudwin, Julie Vyverberg, Roger Rickmon, Raymond Nash, Phillip Mock, Joseph E. Birkett, Mary S. Schostok, Kathryn E. Zenoff, and George D. Lenard (collectively, defendants). Plaintiff also appeals the court's denial of his motion for a recusal of judge. On appeal, plaintiff argues the court erred in (1) dismissing his complaints because defendants lacked subject matter jurisdiction in his underlying criminal case which led them to commit various torts, and (2) refusing to grant his motion for a recusal. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Plaintiff, a self-represented litigant incarcerated at the Pontiac Correctional Center, commenced two actions in the Will County circuit court: case No. 19-CH-975 (Rickmon II) and case No. 19-L-720 (White II) (complaints). The complaints named various judges, prosecutors, and defense attorneys who were involved at various stages of the court proceedings related to defendant's prior criminal convictions in Will County case No. 99-CF-601. The complaints asserted that defendants lacked subject matter jurisdiction to render certain judgments in prior proceedings initiated by plaintiff in Will County case Nos. 14-L-177 (White I) and 14-MR-2787 (Rickmon I), as well as plaintiff's underlying criminal conviction. *Edwards v. Lenard*, 2016 IL App (3d) 150343-U.[1] Plaintiff's complaints contained various counts, all of which alleged a

_____

[1]White I and Rickmon I generally alleged the commission of abuse of process, slander, fraud, discrimination, intentional infliction of emotional distress, and false imprisonment by various judges,

breach of subject matter jurisdiction, resulting in: fraud, false imprisonment, slander, and intentional infliction of emotional distress. Plaintiff requested monetary damages.

¶ 5    The actions were consolidated in the circuit court for the purpose of multiple hearings on the motions to dismiss filed by various defendants pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615 (West 2018); *id.* § 2-619. Following these hearings, the court found that the complaints were improper collateral attacks on plaintiff's underlying convictions, as well as on White I and Rickmon I. The court also found that the theories of judicial and sovereign immunity operated to bar plaintiff's actions. The court dismissed the complaints with prejudice. Plaintiff moved for reconsideration of the dismissals. Additionally, plaintiff filed several motions for the recusal of the assigned circuit court judge, Judge Barrett. Plaintiff asserted that because he had recently named Judge Barrett as a defendant in Will County case No. 20-L-525 in June 2020, Judge Barrett's ability to remain impartial in the instant cases was compromised. The court denied plaintiff's motions for reconsideration of the dismissals and for recusal. Plaintiff appeals.

¶ 6                                    II. ANALYSIS

¶ 7    On appeal, plaintiff challenges the dismissal of the complaints and persists in his argument that defendants acted in the absence of subject matter jurisdiction, leading to the commission of various torts. Plaintiff also asserts that Judge Barrett erred when he declined to recuse himself from the instant cases. Defendants respond that the circuit court's orders dismissing the complaints and denying plaintiff's motions for recusal were proper on numerous legal grounds.

---

prosecutors, and defense attorneys. These complaints were dismissed in the circuit court and the judgment was affirmed on appeal. See also *People v. Edwards*, No. 3-00-0378 (2001) (unpublished order under Supreme Court Rule 23); See also *People v. Edwards*, 355 Ill. App. 3d 1091 (2005).

¶ 8		Turning to the dismissal of the complaints, we note that not all of the defendants have filed a brief for our consideration. However, we reach the merits because the issues here are straightforward and can be decided without the aid of additional briefing. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 9		We may affirm the dismissal of plaintiff's complaints on any basis supported by the record. *Mullins v. Evans*, 2021 IL App (1st) 191962, ¶ 25. Here, a ground exists supporting the dismissal of plaintiff's complaints that applies equally to all defendants. That is, we agree with defendants and with the circuit court that plaintiff's complaints were improper collateral attacks on the prior judgments of the circuit and appellate courts, which appear to be predicated on plaintiff's unsubstantiated assertion that these courts lacked subject matter jurisdiction.

¶ 10		"Once a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal, or in one of the traditional collateral proceedings now defined by statute," *Malone v. Cosentino*, 99 Ill. 2d 29, 32-33 (1983). These collateral proceedings include: *habeus corpus* proceedings (735 ILCS 5/10-101 *et seq.* (West 2020)), section 2-1401 relief from judgments (735 ILCS 5/2-1401 (West 2020)), and postconviction proceedings (725 ILCS 5/122-1 *et seq.* (West 2020)). *Cosentino*, 99 Ill. 2d at 32-33. A collateral attack is defined as an attempt to impeach a judgment in a separate proceeding other than that in which it was rendered. *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 403 Ill. App. 3d 179, 188 (2010). Courts should be liberal in recognizing a movant's collateral attack on a judgment or judgments, even if the attack is mislabeled. *Id.* at 188-89.

¶ 11		The instant case presents facts almost identical to those set forth in *Edwards*, 2016 IL App (3d) 150343-U, where the Second District reviewed the circuit court's dismissal of three complaints filed by plaintiff, one of which we have referred to as White I. The Second District

4

found that plaintiff's complaints were improper collateral attacks on the judgments of the circuit and appellate courts, because plaintiff's various claims of liability were grounded on the claimed legal insufficiency of prior judgments against him. The Second District found that plaintiff's complaints offered only conclusory assertions regarding plaintiff's jurisdictional claims, thus, to challenge these prior judgments, plaintiff's only recourse consisted of instituting a collateral proceeding pursuant to the Postconviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)), the *Habeas Corpus* Act (735 ILCS 5/10-101 *et seq.* (West 2020)) or through section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)).

¶ 12    Here, plaintiff's complaints again contain conclusory statements regarding a purported lack of jurisdiction and were not levied pursuant to any of the methods available to attack the prior judgments in question and are, therefore, illegitimate collateral challenges. Thus, dismissal of plaintiff's complaints was proper.

¶ 13    We further find no abuse of discretion concerning the denial of plaintiff's requests for recusal. See *Barth v. State Farm Fire & Casualty Co.*, 228 Ill. 2d 163, 175 (2008). The record reflects that plaintiff filed several motions requesting that Judge Barrett recuse himself pursuant to Supreme Court Rule 63(C)(1), which provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Ill. S. Ct. R. 63(C)(1) (eff. Dec. 16, 2020). Similarly, section 2-1001(a)(1) of the Code provides that a substitution of judge in any civil action may be had if the judge is a party or an interested party in the action. 735 ILCS 5/2-1001(a)(1) (West 2020). Judges are presumed impartial, and the burden of overcoming this presumption and showing personal bias rests on the party making the charge. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 31. "Whether a judge should recuse himself is a decision in Illinois that rests *exclusively within the determination of the individual judge*,

5

pursuant to the canons of judicial ethics found in the Judicial Code." (Emphasis in original.) *Id.* ¶ 45.

¶ 14     Both in the circuit court and on appeal, plaintiff grounds his argument on the premise that plaintiff compromised Judge Barrett's impartiality by naming Judge Barrett as a defendant in Will County case No. 20-L-525, a wholly separate legal action in which Judge Barrett recused himself. We disagree. Regarding plaintiff's specific contention, Rule 63(C)(1)(e)(i) provides that a judge's impartiality may be reasonably questioned where the judge, the judge's wife, or a person within a third degree of relationship to either of them, or the spouse of such a person, is a party to the proceeding. Ill. S. Ct. R. 63(C)(1)(e)(i) (eff. Dec. 16, 2020). Judge Barrett was not a named defendant in the instant proceeding, and absent some further showing, plaintiff failed to overcome the presumption of Judge Barrett's impartiality. For this reason, Judge Barrett's denial of defendant's requests for recusal was not an abuse of discretion.

¶ 15                                III. CONCLUSION

¶ 16     The judgment of the circuit court of Will County is affirmed.

¶ 17     Affirmed.

¶ 18     JUSTICE HOLDRIDGE, dissenting:

¶ 19     I respectfully dissent. Rule 63(C)(1) provides, in relevant part, as follows:

        "A judge shall disqualify himself or herself in a proceeding

        in which the judge's impartiality might reasonably be questioned,

        including but not limited to instances where:

                                    * * *

6

(e) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have a more than *de minimis* interest that could besubstantially affected by the proceeding; or,

(iv) is to the judge's knowledge likely to be a material witness in theproceeding." Ill. S. Ct. R. 63(C)(1) (eff. Dec. 16, 2020).

¶ 20    Here, the plaintiff argued that, because he named Judge Barrett as a defendant in another one of his cases, it compromised Judge Barrett's impartiality to preside over the instant proceedings. The majority states that Rule 63(c)(1)(e)(i) pertains to named defendants in the instant proceedings, and absent some further showing, the plaintiff failed to overcome the presumption of Judge Barrett's impartiality. However, I point out that the instances provided in Rule 63(C)(1)(i)-(iv) is not an exhaustive list. Instead, the Rule provides that a judge shall disqualify himself where their impartiality might reasonably be questioned. In my view, Judge Barrett being named a defendant in the other case reasonably questions his impartiality in this case. Therefore, I would find that the circuit court abused its discretion when it denied the plaintiff's request for recusal.